DORA SCHUMACHER, Respondent, v. CHARLES MEHLBERG et al., Appellants.

St. Louis Court of Appeals, November 25, 1902.

1. **Costs in Equity Case:** MAY BE DIVIDED BETWEEN THE PARTIES: STATUTORY CONSTRUCTION. When there are different issues in an equity case, the costs may be divided between the parties at the discretion of the trial court, as our statutes on the subject of costs are construed by the Supreme Court.

2. **Issue, Meaning of:** COSTS: PLEADING: PRACTICE, TRIAL. An issue within the meaning of said statutes, referring to the apportionment of costs, means an issue of fact; that is, an issue arising from a fact being alleged in the pleading of one party and controverted in the pleading of another, and not merely an issue at law or a cause of action.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*Alfred Gfeller* and *Eugene Buder* for appellant.

In a civil action the prevailing party shall recover his costs against the other party, unless express provision is otherwise made by law. Sec. 1547, R. S. 1899; Sec. 1552, R. S. 1899; Hawkins v. Nowland, 53 Mo. 328; DuPont v. McLaran, 61 Mo. 502.

*Aug. Rebenack* for respondent.

The court in equity may award costs either against plaintiff or defendant. Discretion of trial court to award costs. Turner v. Johnson, 95 Mo. 431. Appellate court will not review trial court's discretion in dividing costs between litigants. Campbell v. Coquard, 16 Mo. App. 552; Plant Seed Co. v. Mitchell

Plant & Seed Co., 37 Mo. App. 313; Redman v. Thomas, 39 Mo. App. 143.

GOODE, J.—Judgment was entered below restraining M. T. Churchill, a constable, from levying on appellant's property by virtue of an execution on a judgment rendered by James J. Spaulding, a justice of the peace, against Charles Mehlberg and Adolph Mehlberg and restraining said Mehlbergs and their attorney, August Rebenack, from instituting or prosecuting any other action on the claim which is the basis of said judgment. The costs were taxed equally against the parties and from that order an appeal was taken, appellant contending that, as she prevailed, all the costs should have been taxed against the respondents.

The law is that the losing party to a suit in equity shall pay the costs unless substantial issues are found for each party, when the costs may be taxed at the discretion of the trial court. Bender v. Zimmerman, 135 Mo. 53; Turner v. Johnson, 95 Mo. 431.

Our statutes bearing on the question are as follows:

"When any defendant, in any action, shall plead several matters, any of which shall, upon demurrer joined, be adjudged insufficient, or if a verdict shall be found on any issue in the case for plaintiff, costs shall be given at the discretion of the court.

"Where there are several counts in any petition, and any one of them be adjudged insufficient, or a verdict, or any issue joined thereon, shall be found for the defendant, costs shall be awarded at the discretion of the court." R. S. 1889, secs. 1549, 1550.

Those statutes on the subject of adjudging costs are so worded as to authorize the inference that the lawmakers had in mind the difference between issues and causes of action and intended to provide for judicial discretion in the apportionment of costs, both when substantial issues are found against a party as well as when he fails on a cause of action pleaded by him; and such has been the construction of the law in equity

causes at least.    Cases supra; Bobb v. Wolff, 54 Mo. App. (St. L.) 515; Plant Seed Co. v. Mitchell Plant & Seed Co., 37 Mo. App. (St. L.) 313.

What is meant by an issue as used in the above statutes? Not merely issues of law, but of fact too; for they authorize the discretionary taxation of costs not only when a pleading (or part of it) is adjudged insufficient, but also when "any issue in the case" or "any issue joined" shall be found against the party tendering it.

An issue of law arises on a demurrer to a pleading or on an uncontroverted allegation, and an issue of fact on a material allegation of the petition controverted by the answer or of the answer controverted by the reply, or of new matter in the reply on which no issue of law is joined. R. S. 1899, secs. 675, 8679. The object the statutes seek in leaving the costs to be taxed in the instances named in the judgment of the court is to prevent a party from stating false or immaterial allegations or setting up unmeritorious causes of action the trial of which will entail costs, such as witness fees and fees of court officers, and throwing the burden on his opponent merely by the judgment going against the latter.

With these propositions to guide, let us examine the pleadings in the present case.

A number of issues were tendered by the petition and joined by the answer, among which were the following:

First, that a prior judgment on the same cause of action had been rendered against the appellant by T. F. W. Zimmerman, another justice of the peace, and this was the main ground on which relief was granted in the present suit.

Second, that appellant had been willing at all times to pay said prior judgment and for that purpose had deposited with Zimmerman's clerk the full amount thereof, including interest and costs.

Third, that said amount was yet on deposit with said justice Zimmerman.

Fourth, that appellant was never legally served with process in the case before justice Spaulding.

Fifth, that an execution had been issued by justice Spaulding and levied by the constable on her household goods which were threatened to be sold.

Sixth, that she moved to quash said execution before justice Spaulding and to set aside the judgment he had rendered as sooñ as she learned of it.

Seventh, that the Mehlbergs and Rebenack instituted the action before Spaulding for the purpose of annoying, cheating and defrauding the plaintiff.

Eighth, that they obtained judgment through collusion with constable Churchill by having him willfully and knowingly make a false return on the summons to show appellant had been served with process when in fact she had not been.

While the appellant succeeded below in achieving the main object of her suit, the decree contains no findings on the various issues made by the pleadings nor has any evidence been preserved in the bill of exceptions from which we can ascertain whether or not all the issues tendered by the petition were made good by proof. If, in the opinion of the circuit court, they were not, that court had a discretion to tax a portion of the costs against the appellant, and ·as it did so we must presume, in the absence of any showing to the contrary, its action was just; for a party who assigns error must show it. Guinn v. Boas, 31 Mo. App. (K. C.) 131; Spence v. Crow, 47 Mo. App. (St. L.) 321.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.