**Nicholas MONTOYA, Respondent,**

v.

**A–1 MUFFLERS, INC., Appellant.**

**No. WD 72276.**

Missouri Court of Appeals,
Western District.

Feb. 22, 2011.

Patrick E. McGrath, Kevin Weakley, Aaron E. Schwartz, Overland Park, KS, for appellant.

Patrick G. Reavey, Kansas City, MO, for respondent.

Before CYNTHIA L. MARTIN, P.J., JAMES EDWARD WELSH, and GARY D. WITT, JJ.

JAMES EDWARD WELSH, Judge.

A–1 Mufflers, Inc., appeals the circuit court's order denying its motion to strike Nicholas Montoya's proposed bill of costs. In its points on appeal, A–1 Mufflers argues that Montoya's proposed bill of costs included items that are not taxable as costs, that the court should have conducted an evidentiary hearing on the disputed items, and that the court lacked jurisdiction to "enter" Montoya's proposed bill of costs because Montoya filed it more than thirty days after the judgment was entered. Because the circuit clerk has not yet taxed costs in this case, however, we have nothing to review. We, therefore, dismiss A–1 Mufflers's appeal.

Montoya successfully sued A–1 Mufflers, his former employer, for retaliatory discharge. In its judgment, the circuit court accepted the jury's verdicts awarding Montoya compensatory and punitive damages, and the court assessed costs against A–1 Mufflers. Approximately six weeks after the judgment, Montoya filed a proposed bill of costs itemizing his costs. A–1 Mufflers filed objections to Montoya's bill of costs and a motion for the court to review Montoya's bill of costs. Montoya then filed an amended bill of costs, which deleted some of the items to which A–1 Mufflers had objected.

A–1 Mufflers responded by filing a motion to strike Montoya's original bill of costs and amended bill of costs. In its motion, A–1 Mufflers alleged that the court lacked jurisdiction to rule on Montoya's bill of costs because it was filed more than thirty days after the judgment was entered, that Montoya's amended bill of costs was defective because he failed to request leave to file it and failed to serve it properly, and that both Montoya's original and amended bills of costs failed to identify the applicable statutes that authorized the costs that he was seeking. A–1 Mufflers also disputed the taxability and necessity of several of the items in Montoya's original and amended bills of costs.

■ The circuit court subsequently entered an order denying A–1 Mufflers's motion to strike Montoya's original and amended bills of costs. A–1 Mufflers appealed. While the appeal was pending, Montoya filed a motion to dismiss the appeal on the basis that the circuit clerk had not yet taxed costs and, therefore, had not yet determined what costs should be assessed against A–1 Mufflers.[1] We took Montoya's motion to dismiss with the case and now grant it.

■ The circuit clerk is charged with the duty to tax statutory court costs. *Solberg v. Graven*, 174 S.W.3d 695, 700 (Mo. App.2005). Section 514.260, RSMo 2000, imposes this duty and states:

> The clerk shall tax and subscribe all bills of costs arising in any cause or proceedings instituted or adjudged in the court of which he is the clerk, agreeably to fees which shall, for the time being, be allowed by law, and shall in no case allow any item or charge, unless the service for which it was made was actually performed in the cause.

Once the circuit clerk taxes court costs, any party may file, in the court in which the action or proceeding was heard, a motion to retax costs so that the court can review the clerk's bill of costs. § 514.270, RSMo 2000; Rule 77.05. If the court denies the party's motion to retax costs, the party can appeal such denial to this court, because the denial of a Rule 77.05 motion to retax costs is an appealable order. *Solberg*, 174 S.W.3d at 701–02.

The circuit clerk has not yet taxed costs in this case. Montoya's bill of costs is merely an unsolicited gratuitous proposal.

We do not know which items the circuit clerk will include in her bill of costs. Likewise, we do not know how the circuit court would rule if, after the circuit clerk issues her bill of costs, A–1 Mufflers should choose to file a motion to retax costs.[2] Hence, A–1 Mufflers's points on appeal disputing the taxability of some of Montoya's proposed costs and contesting the circuit court's jurisdiction to review certain costs are premature. There is nothing before us to review at this time. We, therefore, dismiss A–1 Mufflers's appeal.

All concur.

---

1. Montoya also filed a motion in the circuit court asking the court to direct the circuit clerk to prepare a bill of costs. The circuit court denied Montoya's motion on the basis that the court no longer had jurisdiction of the case.

2. Counsel will generally find that the procedures set forth by statute and court rule function more efficiently than any they employ on an ad hoc basis.