

## In the
## Missouri Court of Appeals
## Western District

LESLIE RIGGS,             )
                                            )
              Appellant,           )    WD77363
                                              )
v.                                    )    OPINION FILED: August 18, 2015
                                              )
STATE OF MISSOURI           )
DEPARTMENT OF SOCIAL      )
SERVICES, ET AL.,            )
                                            )
             Respondent.        )

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Jack R. Grate, Judge

Before Division One:  Cynthia L. Martin, Presiding Judge, Joseph M. Ellis, Judge and
James E. Welsh, Judge

Leslie Riggs ("Riggs") appeals from a trial court judgment entered in favor of the State of Missouri Department of Social Services ("Social Services") following a trial on her claims for disability discrimination and retaliation.  Riggs also appeals from a trial court order taxing costs against her.  Riggs argues that the trial court erred: (1) in awarding and taxing costs incurred by Social Services against her; and (2) in making statements during voir dire and trial that demonstrated prejudice and bias against Riggs,

depriving her of a fair trial.  The trial court's judgment is affirmed.  Riggs's appeal of the

trial court's order taxing costs is dismissed as premature.

## Factual and Procedural Background[1]

Beginning in August 2004, Riggs worked as a litigation attorney for Social

Services in its Independence office.  Riggs was required to attend a meeting with her

supervisors in Jefferson City on October 23, 2008, to discuss her work performance.

During that meeting, her immediate supervisor unexpectedly collapsed.   Riggs's

immediate supervisor was transported to the hospital and died a short time later.

Riggs was subsequently diagnosed with post-traumatic stress disorder and other

emotional disorders by a counselor.  Riggs applied for extended medical leave under the

Family Medical Leave Act.[2]   Social Services granted her request on or about

December 12, 2008.   Before her extended medical leave expired, Riggs requested

accommodations that would permit her to return to work, but she was never able to reach

an agreement regarding accommodations with Social Services and did not return to work.

Social Services ultimately dismissed Riggs from employment on April 1, 2009.

Riggs filed suit against Social Services.  Her third amended petition[3] alleged three

counts against Social Services: (1) disability discrimination in violation of the Missouri

Human Rights Act ("MHRA")[4]; (2) retaliation under the MHRA; and (3) violations of the

---

[1]We view the facts in the light most favorable to the jury's verdict.  *Hayes v. Price*, 313 S.W.3d 645, 648 (Mo. banc 2010).
[2]29 U.S.C.A. section 2601 *et seq.* (West, Westlaw through P.L. 114-25).
[3]The petition, first amended petition, and second amended petition do not appear in the legal file.
[4]Section 213.010 *et seq.*  All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

2

Missouri Constitution Article I, sections 8,[5] 14,[6] and 22(a).[7]  Partial summary judgment was granted in favor of Social Services on Riggs's constitutional violation claims approximately one month prior to trial.  Trial proceeded on Riggs's MHRA claims.[8]

The jury returned a verdict in favor of Social Services on Riggs's MHRA claims.  The trial court entered a judgment ("Judgment") dated November 26, 2013, in favor of Social Services in accordance with the jury's verdict.  The Judgment awarded costs in favor of Social Services and against Riggs.

On December 11, 2013, Social Services filed a memorandum of costs, attaching various court reporter and special process server invoices and requesting that costs in the amount of $4,539.73 be taxed against Riggs.  On December 21, 2013, Riggs filed a pleading titled "Motion for the Court to Remedy Its Judgment Assessing Court Costs Against the Plaintiff," arguing that the Judgment's award of costs to Social Services was prohibited by law.  On December 24, 2013, Riggs filed a motion for new trial which argued that the trial court demonstrated prejudice and bias against her during trial.  The trial court entered an order ("Order") dated March 4, 2014, taxing costs against Riggs in the amount of $4,539.73 and denying Riggs's post-trial motions.

Riggs appeals.  Additional facts are discussed in the analysis portion of this opinion as necessary.

---

[5]Article I, section 8 provides for freedom of speech.
[6]Article I, section 14 provides for open courts.
[7]Article I, section 22(a) provides for right of trial by jury.
[8]Neither the motion for summary judgment nor the trial court's order granting summary judgment appear in the record on appeal.  Instead, we only have the trial court's docket sheet for reference.  The docket sheet indicates that Social Services moved for summary judgment on April 2, 2013, and the trial court sustained that motion in part and denied it in part on October 18, 2013.  Social Services asserts that the trial court's entry of partial summary judgment concerned Riggs's third count.  Riggs does not dispute that characterization.

3

**Analysis**

Riggs asserts that the trial court erred in two respects: (1) in awarding and taxing costs in the amount of $4,539.73 against Riggs; and (2) in making prejudicial and biased statements against Riggs during voir dire and the trial.

*Point One: The Award and Taxation of Costs*

Riggs's first point on appeal complains that the trial court erred in taxing costs against her in the amount of $4,539.73. Riggs argues that section 213.111.2 prohibits the award of costs to the prevailing party in an MHRA case if the prevailing party is a state agency. Riggs alternatively argues that even if costs could have been awarded, the cost of her video deposition was not recoverable pursuant to Rule 57.03(c)(6) because the expense of a video deposition is to be borne by the party utilizing it in the absence of a contrary stipulation.[9]

Riggs's first point on appeal implicates two trial court actions and two distinct issues: (1) the trial court's legal authority to include a general award or assessment of costs in favor of Social Services *in the Judgment*;[10] and (2) the trial court's later calculation and taxation of costs *in the Order*. We review these disparate claims separately.

---

[9]Social Services conceded in its Brief that it is not entitled to recover as a cost the amount attributable to the video deposition, $1755.

[10]While Riggs's motion for new trial was constrained to her complaints about the alleged prejudice and bias exhibited by the trial court, Riggs also filed a post-trial pleading titled "Motion for the Court to Remedy Its Judgment Assessing Court Costs Against the Plaintiff." In that motion, Riggs asked the trial court to set aside its Judgment or acknowledge that the Judgment was void because it awarded costs to Social Services contrary to section 213.111.2. While not titled a motion for new trial, the allegations within this pleading reflect Riggs's intent to challenge the Judgment's award of costs as in excess of the trial court's legal authority. "Missouri law requires the [trial] court to treat motions based upon the allegations contained in the motion regardless of the motion's style or form." *Payne v. Markeson*, 414 S.W.3d 530, 538 (Mo. App. W.D. 2013). We thus view Riggs's motion challenging the Judgment's general award of costs as an authorized post-trial motion which preserved this issue for appellate review.

4

## The Judgment's General Award of Costs

"Awarding costs and expenses is within the sound discretion of the trial court and should not be reversed absent a showing that the trial court abused its discretion." *Trimble v. Pracna*, 167 S.W.3d 706, 716 (Mo. banc 2005). In other words, the trial court possesses the discretion to award (or to refuse to award) costs in a judgment. A trial court abuses its discretion if an award of costs in a judgment "was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Sasnett v. Jons*, 400 S.W.3d 429, 441 (Mo. App. W.D. 2013). If a judgment awards costs or expressly refuses to award costs in a manner that is inconsistent with the law, it is axiomatic that the trial court has abused its discretion.

Here, the Judgment generally awarded costs to Social Services and against Riggs. Section 514.060 provides: "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." *See also* Rule 77.01 ("In civil actions, the party prevailing shall recover his costs against the other party, unless otherwise provided in these rules or by law."). Social Services was the prevailing party at trial, suggesting that the Judgment's award of costs comported with the law. However, section 514.060 prevents the entry of an award of costs in a judgment if a "different provision is made by law." Section 213.111.2 prohibits "a [prevailing] state agency or commission" from being awarded court costs and reasonable attorney fees in an MHRA case. Social Services is a state agency, suggesting that the Judgment's award of costs following a trial on Riggs's MHRA claims was contrary to the law.

5

While only Riggs's MHRA claims were tried, count three of Riggs's third amended petition was resolved in Social Services' favor by the grant of summary judgment just prior to trial.[11] Count three did not assert an MHRA claim and instead alleged numerous violations of the Missouri Constitution. No provision of the law prohibits Social Services from recovering costs if it is the prevailing party on a claim alleging state constitutional violations. Section 514.060 provides that the prevailing party in a civil action *shall* recover costs *except* as prohibited by law. Section 514.060 does not dictate an "all or nothing" approach to the recovery of costs and thus does not bar the recovery of costs by a prevailing party merely because some of the claims as to which the party prevailed are subject to a legal restriction prohibiting the recovery of costs.

This construction of section 514.060 is consistent with section 514.090, which provides that "[w]here there are several counts in any petition, and any one of them be adjudged insufficient, or a verdict, or any issue joined thereon, shall be found for the defendant, costs shall be awarded at the discretion of the court." This statute affords the trial court discretion to apportion an award of costs in favor of a defendant who prevails on some but not all claims asserted by a plaintiff. *See, e.g.*, *Kopp v. Franks*, 792 S.W.2d 413, 423 (Mo. App. S.D. 1990). The Legislature's intent was "to provide for judicial discretion in the apportionment of costs, both when substantial issues are found against a party, as well as when he fails on a cause of action pleaded by him." *Schumacher v.*

---

[11]The entry of summary judgment determines the prevailing party as a matter of law. *See ITT Commercial Fin. Corp. v. Mid.-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

*Mehlberg*, 70 S.W. 910, 911 (Mo. App. 1902) (citing section 1550, RSMo 1899, a statute identical to section 514.090). The *Schumacher* court continued:

> The object the statute[] seek[s] in leaving the costs to be taxed in the instances named according to the discretion of the court is to prevent a party from stating false or immaterial allegations, or setting up unmeritorious causes of action, the trial of which will entail costs, such as witness fees and fees of court officers, and throwing the burden on his opponent merely by the judgment going against the latter.

*Id.*

No reported decision has compared the logical underpinning of section 514.090 to section 514.060 where a defendant prevails on *all* claims asserted by a plaintiff though some of the claims are subject to a statutory prohibition against the award of costs. We conclude, however, that there is no basis for distinction. It would be incongruent to permit a defendant to recover costs where the defendant has prevailed on some but not all claims asserted, but to deny a defendant the recovery of costs where the defendant has prevailed on all claims but is not entitled to recover costs as a matter of law with respect to some of the claims. Affording a trial court the discretion to award costs to a prevailing defendant in both circumstances is consistent with legislative intent. Thus, the Judgment's award of costs to Social Services was not an abuse of the trial court's discretion because Social Services prevailed on count three of Riggs's third amended petition.[12] The Judgment's award of costs is affirmed

---

[12]Riggs has not argued that the Judgment should have awarded costs only as to her non-MHRA cause of action, which the trial court could have done in the exercise of its discretion to apportion costs. We express no opinion on this unpreserved issue but note that the costs awarded in this case were incurred while Riggs's claim for violations of the Missouri Constitution remained pending. The claim for violations of the Missouri Constitution was not disposed until approximately one month prior to trial.

The Judgment's award of costs is, however, a matter altogether separate from the subsequent calculation or taxation of costs. As we explain, *infra*, there is a fundamental distinction between a trial court's exercise of discretion in determining whether to award costs in a judgment and the later taxation of costs, a ministerial function to be performed by the circuit clerk.

**The Order Taxing Court Costs**

Riggs's first point on appeal alternatively argues that if the Judgment's award of costs was not legally erroneous, the Order's taxation of costs was erroneous because it included $1,775 for the cost of a video deposition in violation of Rule 57.03(c)(6). As Riggs's correctly notes, "only those costs granted by virtue of express statutory authority" can be taxed. *Lorenzini v. Short*, 312 S.W.3d 467, 472 (Mo. E.D. 2010) (internal quotation marks omitted).

We cannot and do not reach this issue. Prior to oral argument, Social Services filed a motion to dismiss Riggs's appeal insofar as it challenged the award of costs. Social Services' motion argued that Riggs's challenge to the calculation of costs "is premature because the clerk has not yet taxed costs in this case, and the trial court's [Order] awarding costs to [Social Services] is not a final, appealable order."[13] We agree.

*Montoya v. A-1 Mufflers, Inc.* involved a nearly identical situation. 331 S.W.3d 702 (Mo. App. W.D. 2011). There, the trial court issued a judgment in favor of the

---

[13]Social Services' motion to dismiss also argued that Riggs's appeal of the Judgment's award of costs should be dismissed as premature. We disagree, for reasons explained, *supra*. A judgment's treatment of costs, in the general sense, is subject to appeal just as any other matter addressed in the judgment because the decision to award, or to not award, costs is subject to the trial court's discretion. Once that discretion is expressed in the judgment, the calculation and the specific amount of costs to be taxed (*i.e.*, a bill of costs) becomes the ministerial duty of the circuit clerk as we explain, *infra*.

plaintiff and assessed costs against the defendant.[14] *Id.* at 703. The plaintiff submitted a proposed bill of costs that itemized the costs incurred, and the defendant filed objections to the proposed bill of costs. *Id.* The plaintiff then filed an amended bill of costs, which deleted some of items to which the defendant had objected. *Id.* In response to the plaintiff's amended bill of costs, the defendant filed a motion to strike the original and amended bills of costs. *Id.* The trial court entered an order denying the motion to strike the bill of costs, and the defendant appealed that order. *Id.* at 704. While the appeal was pending, the plaintiff filed a motion to dismiss the appeal, arguing that because the circuit clerk had not yet taxed costs, review of the trial court's order denying the motion to strike the bill of costs was premature. *Id.*

We observed that section 514.260 imposes the mandatory duty on the circuit clerk, not the trial court, to tax statutory court costs.[15] *Id.* Before the circuit clerk taxes statutory court costs, a party's bill of costs "is merely an unsolicited gratuitous proposal." *Id.* After the circuit clerk taxes costs, "any party may file, in the court in which the action or proceeding was heard, a motion to retax costs so that the court can review the clerk's bill of costs." *Id.* (citing section 514.270; Rule 77.05).[16] "If the court denies the party's motion to retax costs, the party can appeal such denial . . . because the denial of a Rule 77.05 motion to retax costs is an appealable order." *Id.* Because the circuit clerk had not yet taxed costs against the defendant and the trial court had not had a chance to retax

---

[14]Unlike the circumstances in the case before us, the defendant in *Montoya* did not challenge the judgment's general award of costs as an abuse of the trial court's discretion.

[15]Section 514.260 provides, in pertinent part: "The clerk shall tax and subscribe all bills of costs arising in any cause or proceedings instituted or adjudged in the court in which he is the clerk . . . ."

[16]Rule 77.05 provides: "Any party, on motion, may have a bill of costs reviewed by the court in which the civil action was heard."

9

costs pursuant to Rule 77.05, there was nothing before us to review, and we dismissed the defendant's appeal. *Id.*

The circumstances before us are indistinguishable from *Montoya*. The memorandum of costs filed by Social Services on December 11, 2013, was, ***at best***, a pleading which sought to add documents to the trial record relevant to the circuit clerk's preparation of a bill of costs[17] and was, ***at worst***, "an unsolicited gratuitous proposal" improvidently asking the trial court to enter an order taxing statutory court costs. The memorandum of costs presented nothing for the trial court to decide because the circuit clerk had not yet issued a bill of costs. Until the circuit clerk taxes costs in this case, no party is in a position to file a Rule 77.05 motion asking the trial court to retax costs. Thus, as was the case in *Montoya*, the trial court's Order, to the extent it purports to tax costs, has no legal effect, and is not a final, appealable order. *Cf. Landreth v. Gan*, 647 S.W.2d 932, 935 (Mo. App. S.D. 1983) (holding that a trial court order retaxing costs after a challenge is filed to oppose a circuit clerk's bill of costs is an appealable special order pursuant to section 512.020(5)).

Riggs's appeal is dismissed as premature insofar as Riggs's first point on appeal challenges the taxation of costs in the trial court's March 4, 2014 Order. Riggs's first point on appeal is denied insofar as it challenges the Judgment's general award of costs.

---

[17]The memorandum attached various court reporting and special process server invoices. We express no opinion about a party's right to supplement the record ***after*** trial (and thus after the record has closed) to include documents relevant to the circuit clerk's generation of a bill of costs. The best practice, however, to avoid any issue would be to ensure that all documents essential to the circuit clerk's calculation of a bill of costs have been deposited in the record prior to trial.

*Point Two: Statements Made by the Trial Court*

Riggs's second point on appeal argues that the trial court erred in "making several prejudicial and biased statements against the Appellant and in showing favor to the Respondent that deprived the claimant of a fair trial and then by denying Appellant's after trial motions for a new trial as a remedy." [Appellant's Brief p. 33] In particular, Riggs challenges the trial court's comment during voir dire that the State of Missouri was "broke" and about "State agencies [being] squeezed." Riggs also argues that the trial court should not have admonished Riggs in the jury's presence. Riggs asserts that, as a result of these inflammatory and improper statements by the trial court, Riggs was subjected to prejudicial bias so that she should receive a new trial.[18]

Before considering the merits of Riggs's second point on appeal, we must first consider whether the issue is preserved for our review. *Mansfield v. Horner*, 443 S.W.3d 627, 638 (Mo. App. W.D. 2014). "[P]rejudicial remarks made by the court must be seasonably objected to or the question will not be ordinarily reviewed on appeal." *Libby v. Hill*, 687 S.W.2d 264, 267 (Mo. App. W.D. 1985). While Riggs included these alleged errors in her motion for new trial, Riggs did not object to either the trial court's comments during voir dire about the financial state of the State of Missouri and its agencies or to the

---

[18]Riggs also asserts that the attorney representing Social Services made comments during closing argument that were "prejudicial and misrepresented that courts have a duty to accommodate people with disability, including mental impairment." [Appellant's Brief pp. 38-39] In particular, Riggs argues that, by reminding the jury that the trial court did not grant Riggs's request for a brief break to tend to pain resulting from her finger becoming stuck in a binder clip, the attorney representing Social Services improperly suggested that, as a matter of law, an accommodation would have been improper in the workplace. Riggs did not object to this argument but asserts on appeal that the trial court had a duty to correct the closing argument. Riggs has not captured this argument in her points on appeal. Instead, she simply inserted this assertion of error into the Argument section of her brief. Thus, this argument is not preserved for our review, as it exceeds the scope of the points relied on, and we decline to address it. *CB3 Enters., LLC v. Damas*, 415 S.W.3d 163, 169 n.3 (Mo. App. W.D. 2013); Rule 84.04(e).

trial court's admonishment of Riggs in front of the jury. The failure to raise these alleged errors during trial renders them unpreserved for our review. *See Williams v. Jacobs*, 972 S.W.2d 334, 346 (Mo. App. W.D. 1998).

Nonetheless, we may choose to review unpreserved claims for plain error. *Snellen ex rel. Snellen v. Capital Region Med. Ctr.*, 422 S.W.3d 343, 357 (Mo. App. W.D. 2013). Plain error review is "limited to a determination of whether there is plain error affecting substantial rights resulting in manifest injustice or a miscarriage of justice." *Williams*, 972 S.W.3d at 346. We use a two-step process when conducting plain error review. *Hammett v. Atcheson*, 438 S.W.3d 452, 463 (Mo. App. W.D. 2014). "We first determine whether or not the error is plain, and second, we determine whether or not manifest injustice or miscarriage of justice would result if the error is left uncorrected." *Id.* (internal quotation marks omitted). "'We will reverse for plain error in civil cases only in those situations when the injustice of the error is so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case.'" *Snellen*, 422 S.W.3d at 357 (quoting *Sasnett*, 400 S.W.3d at 437-38). We must consider the trial court's comments during voir dire and admonishment of Riggs separately to determine whether either amounted to plain error resulting in manifest injustice or a miscarriage of justice if left uncorrected.

Before questioning of the venire began, the trial court stressed the importance of candor in answering the attorneys' questions. The trial court stated:

> When you answer questions, please take time, search your memory, think back into the past, as your answers are supposed to be accurate and

12

complete.  I feel like I'm drifting into repetition here, but it's important that you answer accurately and completely.

Let me illustrate the point this way.  There is interest on all of us in your prior litigation history.  How have you previously participated in our legal system?  And so there's going to be several questions about that topic.  And I want you to understand, number one, what a lawsuit is.  I've had people say, well, yes, I got served on my porch by my landlord but I never went to court.  I just moved and so I didn't think I was sued.  Yes, you were.  If you were served, you were sued.  And if you authorized your lawyer to file a suit and paid a filing fee, then you probably initiated a lawsuit.  So kind of think as far as the broad effects.

. . . .

So what are they interested in?  They're interested in plaintiffs and defendants in civil lawsuits that certainly involved employment or involved torts, civil wrongs that are not contractual wrongs.  And they'll talk a little bit more about that.  They do want to know about criminal defendants, people who were convicted of a crime.  Of course, I already know that none of you were convicted of a felony or you wouldn't be allowed to sit on a jury.

If, upon further reflection, you're thinking, oh boy, I was convicted of a felony in Iowa or someplace, then at some point raise your hand and mention that you would like to speak with the Court privately and we'll go back over that ground.  I can't have a convicted felon sit.  It's an absolute certainty that there would be a mistrial and I'd have to do the whole thing again.

And your State is broke just like all the rest of us.  There's just not enough money to go around.  And the State agencies are squeezed a little bit.  We don't have time to do cases twice if we can help it.  We hardly have the horsepower to do every case once.  As a matter of fact, if 95 percent of cases didn't settle, I don't know how we'd get everything done.

So, make sure that you're candid with us, particular about the lawsuits and particularly about your criminal convictions, if any.

When read in context, the trial court's comments regarding the State of Missouri being

"broke" and "State agencies [being] squeezed" were made to emphasize the importance

13

of candor during voir dire.  Through its statements, the trial court was attempting to impress upon the jury that their candor was necessary for judicial efficiency.

Thus, in making these statements during voir dire, the trial court was simply attempting to carry out "one of the highest duties of the courts in administering justice, to select a fair and impartial jury to hear each case." *Adkins v. Hontz*, 337 S.W.3d 711, 717 (Mo. App. W.D. 2011).  While it would have been preferable for the trial court to avoid reference to the State's financial circumstances during voir dire for this purpose in this particular case because a state agency was the defendant, the trial court's comments do not rise to the level of an "'error . . . so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case.'"  *Snellen*, 422 S.W.3d at 357 (quoting *Sasnett*, 400 S.W.3d at 437-38).  We find no plain error.

Riggs also complains about the trial court's admonishment of her in the presence of the jury.  Throughout her cross-examination, both the attorney for Social Services and the trial court directed Riggs to limit her responses to the questions asked.  Nevertheless, Riggs repeatedly gave evasive answers and injected extraneous information not called for by the questions.  During the middle of her cross-examination, the trial court deemed that a short recess would be appropriate.  Before it released the jury and the witness, the trial court stated in front of the jury:

> Okay, folks, it's about time for us to take a break.  I am going to admonish the witness.  I think you've entered into a pattern to not responding to the question.  You seem to have your own agenda of saying whatever the hell is on your mind as opposed to answering the question directly.  I think I've told you several times and I know that the lawyer has asked you dozens of times, just listen to the question, respond to it.

14

Cross-examination is not the time for you to retell your story and spit out everything that you want to say. Cross-examination is your opportunity to listen to the question and answer it in one word, if one word will work.

What I'm going to do is take a break. What I'm also going to do when we come back after you give a heart-to-heart talk with your lawyers, if you are incapable of answering the question directly without dancing all over, trying to confuse the issue, trying to repeat the question your pattern of evasiveness is annoying me in the extreme.

Now you can mend your ways and we can continue with this hearing. If you don't answer the question directly the sanctions can be very harsh.

Riggs argues that the trial court should not have admonished her in the presence of the jury and argues that, instead, it should have stricken her unresponsive testimony or admonished her outside of the jury's hearing.

"'A judge presiding at trial should maintain an impartial attitude in conduct and demeanor, and should exercise a high degree of patience and forbearance with counsel and witnesses.'" *Snellen*, 422 S.W.3d at 357-58 (quoting *Hawkins v. Compo*, 781 S.W.2d 128, 131 (Mo. App. W.D. 1989). However, a trial judge is not expected to be a "stone statue[]." *Id.* at 358. A trial judge may intervene to prevent waste of judicial resources and restrain improper conduct. *Hawkins*, 781 S.W.2d at 131.

The trial court admonished Riggs in the presence of the jury only after she failed to follow numerous directives from the attorney for Social Services and the trial court to restrain her answers to the questions being asked. While the trial court's choice to admonish Riggs in the jury's presence may not have been ideal, we will not find plain error when the record supports the conclusion that earlier efforts by the trial court to restrain Riggs's improper conduct were unavailing.

Riggs's second point on appeal is denied.

## Conclusion

We dismiss Riggs's appeal insofar as it concerns the trial court's March 4, 2014 Order. The trial court's Judgment is affirmed.

_Cynthia L. Martin_
Cynthia L. Martin, Judge


All concur

16