Russell E. GIESELMANN et al., (Plaintiffs) Appellants,

v.

Robert H. STEGEMAN et al., Defendants,

Med-Science Electronics, Inc., (Defendant) Appellant,

Frank G. Kirtz, (Defendant) Respondent.

No. 55495.

Supreme Court of Missouri, Division No. 1.

Sept. 13, 1971.

Aubrey B. Hamilton, Edward D. Weakley, St. Louis, David M. Dolan, St. Ann, for appellants.

Frank Mashak, St. Louis, for respondent.

HOLMAN, Presiding Judge.

This case involves two appeals relating to the taxation of the costs of the receivership pendente lite in this cause. The motion of plaintiffs sought taxation of the compensation and expenses of the receivers in favor of defendant Med-Science Electronics, Inc., and against defendant Frank G. Kirtz. The trial court overruled the motion and plaintiffs appealed. Thereafter, Med-Science Electronics, Inc., filed a motion seeking essentially the same relief. It was overruled and that defendant appealed. We have jurisdiction because the amount in dispute is $108,711.06.

At the outset it should be stated that this case originated as a stockholders' suit in which the relief sought by plaintiffs was granted by the trial court and affirmed here. See Gieselmann v. Stegeman, Mo. Sup., 443 S.W.2d 127. In that opinion we held that defendant Kirtz had been guilty of gross, reprehensible fraud in performing certain illegal acts in seeking to obtain control of Med-Science and in converting certain shares of Med-Science belonging to one of the plaintiffs.

It appears that there were three receivers pendente lite successively appointed by the court covering the period from March 24, 1967, to March 17, 1970. Two of the

receivers were not residents of the St. Louis area and were allowed reimbursement for local living expenses in addition to salary compensation.

At the time the trial court overruled plaintiffs' motion to tax the costs of the receivership against Kirtz it filed a memorandum in which it stated that the grounds for that ruling were that "(1) the compensation and expenses of the Receivers have already in actual fact been paid out of the assets of the receivership, pursuant to successive orders of the Court, and with either the express or implied approval of plaintiffs; (2) the corporation, Med-Science Electronics, Inc., whose assets were used to make said payments, is not represented by plaintiffs' attorneys nor by any other attorney and hence no demand for reimbursement of said corporation has been presented in these proceedings; (3) if said compensation and expenses of the Receivers were to be taxed as costs (despite their having already been paid), such costs should be assessed against the corporation, Med-Science Electronics, Inc., since such costs were necessary costs of managing the business of the corporation and were *not* paid out at any time when other persons were being paid for managing the corporate business. In fact, if such costs were to be assessed against (and collected from) defendant Kirtz, the result would be that Med-Science Electronics, Inc., would be relieved of nearly all managerial expenses during the period of the receivership, and this would constitute an inequitable windfall to the corporation."

■ Before reaching the merits of this appeal there is one preliminary matter which should be disposed of. As we have stated, the motion of Med-Science was filed and overruled after plaintiffs had filed their notice of appeal from the order overruling their motion. While the trial court may have retained jurisdiction of this case for some purposes, it is our view that upon the filing of the notice of appeal the trial court lost jurisdiction to exercise

the judicial function to make any further ruling on the same issues involved in plaintiffs' motion even though the second motion was filed by a different party. See Herrick Motor Co. v. Fischer Oldsmobile Co., Mo.App., 421 S.W.2d 58 [2, 3]. It therefore appears that the ruling of the court on the Med-Science motion was unauthorized and nothing is presented for our review on the appeal of that defendant.

■ The foregoing ruling, however, will have no practical effect upon this appeal because, as stated, both motions sought the same relief. And we have no doubt that plaintiffs, as substantial stockholders of Med-Science and the prevailing parties in the case, certainly had the right to file and maintain a motion to tax costs even though such was for the benefit of Med-Science which had advanced the costs and expenses involved.

Several of the points in the brief of respondent Kirtz relate to alleged irregularities in connection with the ordering, approval, and filing of the transcript. The transcript, and a supplemental transcript we have permitted to be filed, now show that all matters in connection therewith are in accordance with our rules, and those contentions are therefore disallowed.

■ We will briefly discuss the three grounds assigned by the trial court for its ruling. We do not consider the first two grounds to be sound reasons for denying the motion. The payment of the compensation and expenses of the receivers could not await the outcome of the litigation and determination as to the party liable therefor. The only practical manner of handling the situation was for the court to authorize payment out of the assets in the hands of the receiver. That, however, would not preclude the subsequent taxing of the costs against another party so that Med-Science would be reimbursed. Likewise, the fact that Med-Science had not made demand for reimbursement or filed

a motion would not bar the relief plaintiffs sought for its benefit. It was under the control of a receiver at the time these proceedings took place in the trial court, and the receiver may not have been interested in engaging in a controversy between the stockholders. There is some merit in the third ground assigned by the trial court. It appears that in each instance the receiver was the managing officer of the corporation and was not an additional employee. Therefore, if Med-Science recovered the full amount of the receiver's compensation and expenses it would result (as hereinafter discussed) to a certain extent, in a windfall to the corporation.

■ The main contention of plaintiffs on this appeal is that the trial court erred in not taxing the expenses here involved against defendant Kirtz under the provisions of § 515.260[1] which is identical to Civil Rule 68.26, V.A.M.R. That rule, which applies to receivers pendente lite, reads as follows: "The court shall allow such receiver such compensation for his services and expenses as may be reasonable and just, and cause the same to be taxed as costs, and paid as other costs in the cause." We, of course, must recognize that under the provisions of the statute and rule, the instant expenses would ordinarily have been taxed as costs and paid by the losing party. See § 514.060; City of St. Louis v. St. Louis Gas-Light Co., 11 Mo.App. 237; and State ex rel. Fischer v. Thomas, 249 Mo. 103, 155 S.W. 401. We are also cognizant that in equity cases "courts have an inherent, discretionary power to award costs. Either party may be ordered to pay the costs or they may be apportioned among the parties. The determination of this question by the trial court will not be disturbed by an appellate court unless there is an abuse of discretion. Oldham v. McKay, 235 Mo.App. 348, 138 S.W.2d 735; Chapman v. Schearf, 360 Mo. 551, 229 S. W.2d 552; Boatmen's National Bank v.

Rogers, 352 Mo. 763, 179 S.W.2d 102; Eureka Real Estate & Inv. Co. v. Southern Real Estate & Financial Co., 355 Mo. 1199, 200 S.W.2d 328." Amitin v. Izard, Mo. App., 262 S.W.2d 353, 356.

■ We have concluded that this is an appropriate case for equitable considerations to enter into a determination of the proper manner of taxing the costs in question. Of course, we agree with the contention of plaintiffs that since the necessity for appointing the receiver was brought about by the willful and deliberate fraud of defendant Kirtz, he is not entitled to any particular consideration by a court of equity. We also agree, however, with the view of the trial court that it would be inequitable to give Med-Science a substantial windfall by the ruling on this question. It is our conclusion, however, that the trial court abused its discretion in refusing to tax any part of the receivership costs against Kirtz. We think that while there would be a considerable windfall if all costs of the receivership were paid by defendant Kirtz we do not agree that it would total "nearly all" of such expenses, as the trial court stated. It is our view that the receivership created additional expenses and a loss of full efficiency of operation, as indicated by the following: (1) It was necessary to pay out approximately $8,000 for receivers' bond premiums and personal living expenses for nonresident receivers. (2) It is reasonable to assume that it was necessary to pay greater compensation to a person appointed temporarily than would have been required to obtain a man of similar qualifications on a permanent basis. (3) It is reasonable to assume that the services of a temporary manager could not have benefitted the corporation as much as those of a permanent officer because he had no incentive to initiate long-range projects, etc.

We also note that a rather large item included in the receivership expense is for travel expense of the receivers which ap-

1. Statutory references are to RSMo 1969, V.A.M.S.

pears to have been for promotion of the business and probably should be considered as business expense and not as a receivership cost item.

In view of all of the foregoing we have concluded that an equitable solution of the problem presented is to allocate the receivership expenses so that Med-Science will bear the burden of one-half thereof, i. e., $54,355.03, and that a judgment should be entered in favor of Med-Science Electronics, Inc., and against Defendant Frank G. Kirtz for the remaining one-half of said cost.

The order and judgment is reversed and the cause remanded with directions to enter a judgment in accordance with the views herein expressed.

All concur.