Leo WARREN and Maxine Warren,
Plaintiffs-Appellants,

v.

Juanita DUNLAP and Dewayne
Dunlap, Defendants-
Respondents.

No. SD 34797

Missouri Court of Appeals,
Southern District,
Division One.

Filed October 30, 2017

Attorney for Appellants: Chrys Fisher, of West Plains, Missouri.

Attorneys for Respondents: Steven Privette, Lynsie Gabel-Upton, and Zane Pri-

vette, Law Office of Steven Privette, of Willow Springs, Missouri.

GARY W. LYNCH, J.

Leo and Maxine Warren (collectively, "the Warrens") filed suit against siblings Dewayne and Juanita Dunlap (collectively, "the Dunlaps") alleging, among other things, that the Warrens had acquired title to a triangular-shaped parcel of real estate ("the triangular parcel") through adverse possession and had also acquired a ten-foot-wide prescriptive easement over another parcel of real estate.[1] The trial court found that the Warrens failed to meet their burden of proving either claim. The Warrens appeal claiming each of those findings was against the weight of the evidence (Points 1 and 2) and the trial court misapplied the law by assessing against them as a court cost one-half of Juanita's [2] expense for a non-court-ordered pre-litigation survey (Point 3). We reverse that portion of the judgment assessing the survey expense as a court cost against the Warrens but affirm the judgment in all other respects.

## Standard of Review

"We are required to affirm the judgment of the trial court in this non-jury case, 'unless there is no substantial evidence to support it, it is against the weight of the evidence, or unless it erroneously declares or applies the law.'" *Williams v. Frymire*, 186 S.W.3d 912, 916 (Mo. App. 2006) (quoting *Harness v. Wallace*, 167 S.W.3d 288, 289 (Mo. App. 2005)). To prevail on an against-the-weight-of-the-evidence challenge, a litigant must show that the trial court could not have reasonably found, from the trial record, the presence of a fact necessary to uphold the judgment. *Ivie v. Smith*, 439 S.W.3d 189, 206 (Mo. banc 2014). In such a challenge, the trial court may believe all, part, or none of the evidence, and we must defer to its factual findings when the issues of fact are contested and when the facts ultimately found depend on credibility determinations. *Id.* "The against-the-weight-of-the evidence standard serves only as a check on a circuit court's potential abuse of power in weighing the evidence, and an appellate court will reverse only in rare cases, when it has a firm belief that the decree or judgment is wrong." *Id.* This court presumes the trial court's judgment is valid, and it is the appellant's burden to show otherwise. *Williams*, 186 S.W.3d at 916.

## Factual and Procedural Background

"We view the evidence and permissible inferences drawn therefrom in the light most favorable to the judgment." *In re Marriage of Scrivens*, 489 S.W.3d 361, 363 (Mo. App. 2016). So viewed, the following evidence relevant to this appeal was adduced at trial. The Warrens and the Dunlaps are owners of adjoining tracts of real estate in Oregon County. The Warrens hold record title to and occupy a tract consisting of approximately 234 acres ("the Warren farm"). The Warrens obtained ownership by deed in 1976 upon purchase from Maxine's parents, Roscoe and Augusta Honeycutt, who originally acquired and occupied the Warren farm beginning in 1959. State Highway EE bisects the Warren farm diagonally along a northeast to southwest course.

The Dunlaps acquired title by deed in 1998 from their mother, Mary Dunlap, to

---

1.  Title to other property in dispute at trial and quieted in the judgment is not at issue in this appeal.

2.  We use first names where necessary for clarity due to multiple parties having the same last name. No familiarity or disrespect is intended.

an adjacent 259-acre tract ("the Dunlap farm"), sitting just west of the Warren farm. Mary Dunlap and her husband David bought the farm in 1963 and began living there with their children in 1968.

In 2007, Juanita Dunlap acquired an additional 40-acre parcel of land ("the Price tract") from Doug Price ("Price"). Most of the Price tract is situated below Highway EE, but the triangular parcel, consisting of 1.76 acres, extends above Route EE and borders the southwest corner of the. Warren farm and the southeast corner of the Dunlap farm. Surveys commissioned in 2009 by Juanita Dunlap disclosed that the triangular parcel was within her deed to the Price tract. The Warrens thereafter filed suit for adverse possession of the triangular parcel. They also claimed they had obtained the right via prescriptive easement to use what the Warrens described as a ten-foot-wide roadway running along the eastern boundary of the Dunlap farm which the Warrens used to access the western boundary of the Warren farm. After a bench trial on the issues, the trial court entered a judgment finding that the Warrens had failed to meet their burden of proof as to either claim. This timely appeal followed.

### Points 1 and 2—Against-the-Weight-of-the-Evidence Review

■ Point 1 claims "the trial court erred in denying [the Warrens'] claim to the triangular parcel, because [the Warrens'] adverse title vested long prior to Price's sale to Juanita Dunlap, in that the undisputed evidence showed that Price never used or maintained the triangle and was aware that Honeycutts and Warrens used and maintained it." Point 2 claims "the trial court erred in finding that [the Warrens'] use of the driveway was permissive, because the undisputed evidence showed that Roscoe Honeycutt installed two gates from the driveway into the Honeycutt/Warren pastureland in the 1960s, which remained in place and in use until Juanita Dunlap fenced them out in 2009, and this permanent installation is irreconcilable with occasional permissive use." [3] Both of these against-the-weight-of-the-evidence challenges fail for the same reason: the Warrens held the burden of proof as to each claim, and the trial court did not find their evidence credible.

■ To establish title to a tract of land by adverse possession, a claimant must prove by a preponderance of evidence that his or her possession of the land was "(1) hostile and under a claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for a period of ten years." *Flowers v. Roberts*, 979 S.W.2d 465, 469 (Mo. App. 1998). "Failure to establish any one of these elements will defeat a claim for adverse possession." *Leonard v. Robinson*, 276 S.W.3d 868, 875 (Mo. App. 2009). A party claiming a prescriptive easement bears the burden of proving five elements by clear and convincing evidence: use of the claimed easement was "(1) continuous; (2) uninterrupted; (3) visible; and (4) adverse for (5) a period of 10 years." *Orla Holman Cemetery, Inc. v. Robert W. Plaster Trust*, 304 S.W.3d 112, 118-19 (Mo. banc 2010); *Tamko Asphalt*

---

**3.** As an appeal from a court-tried case, the applicable standard of review is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), but points 1 and 2 fail to specify which *Murphy* ground the Warrens rely on for reversal. *See Smith v. Great Am. Assur. Co.*, 436 S.W.3d 700, 703-04 (Mo. App. 2014).

This failure to comply with Rule 84.04(d)(1)(B) preserves nothing for appellate review, but we exercise our discretion to review the points because it is apparent from the Warrens' argument that they raise an against-the-weight-of-the-evidence challenge. *See id.* at 704 n.4.

*Products, Inc. v. Arch Associates*, 830 S.W.2d 434, 438 (Mo. App. 1992).

■■■ The Warrens' argument ·under each point relies on testimony not mentioned in the judgment which they claim satisfies their burden of proof. The Warrens argue this testimony· was "relevant, competent, material, undisputed, and not self-destructive" and must be considered probative by this court because the judgment made no explicit finding that the testimony was not credible or worthy of belief. We disagree.

> When the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence. If· the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party. Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it.

*White v. Dir. of Revenue,* 321 S.W.3d 298, 305 (Mo. banc 2010) (internal citations and quotations omitted).

The Warrens' burden of proof has two components: (1) a burden to produce evidence, and (2) the burden to persuade or convince the court as fact-finder to view the facts in the Warrens' favor. *See Nicholson v. Surrey Vacation Resorts, Inc.,* 463 S.W.3d 358, 369 (Mo. App. 2015). Regarding those components, what we said in *Black River Elec. Coop. v. People's Comty. State Bank* is worth repeating:

> ■■■ Credible, believable, even uncontradicted proof of *evidentiary* facts may not prove a contested issue of *ultimate* fact to the fact-finder's satisfaction. A

party with the burden of proof cannot merely offer a submissible case; it must convince the fact-finder to view the facts favorably to that party. This is because evidence never proves any element until the fact-finder says it does.

466 S.W.3d 638, 640 (Mo. App. 2015) (internal citations, quotations, · and brackets omitted).

The existence of the five elements of adverse possession to establish the Warrens' title to the triangular parcel and the existence of the five elements of a prescriptive easement to establish the Warrens' right to use the alleged roadway were all fact questions that were contested at trial. All of the evidence presented at that trial consisted of witness testimony. The Warrens presented five witnesses (two of which were via deposition) and the Dunlaps presented seven, all of whom were cross-examined. *See White,* 321 S.W.3d at 308 (setting forth the ways in which evidence may be contested, which includes by cross examination). Because all the ultimate factual issues were contested, we must defer to the trial court's credibility determinations and its prerogative to believe all, part, or none of the evidence offered to prove those facts. *Ivie,* 439 S.W.3d at 206.

■■■ No findings of fact were requested in this case, so we consider all fact issues upon which no specific findings were made as having been found in accordance with the result reached per Rule 73.01(c).[4] *Id.* Thus, under our mandated standard of review, we must presume the trial court implicitly decided not to credit the testimony upon which the Warrens rely,[5] even if

---

4. Rule references are to Missouri Court Rules (2017).

5. Requiring the trial court to issue written findings when it finds evidence not credible

would be contrary to Rule 73.01(c). *White,* 321 S.W.3d at 307 n.9. Of course, a litigant may procure such explicit factual findings from a trial court if a timely and appropriate request is made for such specific findings in

undisputed, and the Warrens present no evidence immune from such a credibility determination. *See id.* ("Evidence not based on a credibility determination, contrary to the circuit court's judgment, can be considered in an appellate court's review of an against-the-weight-of-the-evidence challenge."). As a result, the Warrens' argument—resting only on evidence that we must assume the trial court did not credit—must fail. *See, e.g.,* ***Walker v. Walker***, 485 S.W.3d 403, 408-09 (Mo. App. 2016) (denying a claim that a judgment was against the weight of the evidence because the trial court could find for the defendant in a case where the issues of fact were contested based solely on a disbelief of the plaintiff's evidence). Points 1 and 2 are denied.[6]

### *Point 3—Survey Expense Erroneously Taxed as Court Cost*

The Warrens' final point alleges the trial court "erred in assessing half of Juanita Dunlap's survey costs against" the Warrens "because such award was unauthorized by law, in that the survey was nei-

ther ordered by the court nor its cost pled [sic] as damages to be recovered by timely counterclaim."[7] We agree with the Warrens that the trial court's characterization and assessment of these survey expenses as court costs was unauthorized.

Juanita Dunlap confronted Leo Warren in September 2009 when she saw him cutting timber on what she believed to be her property. Leo told Juanita that he "never was sure where the borderline ran[.]" Juanita said she would "have it surveyed and put up a fence" and Leo responded, "[W]ell that's okay, you do what you feel you need to do." Thereafter, Juanita commissioned a survey of the triangular parcel for $3,600 and a survey of another piece of disputed land for $4,200. Shortly after this survey was completed, the Warrens initiated this litigation. The Dunlaps filed a motion asking the trial court to award them the costs of those surveys as court courts. The trial court took that motion up with the case, taxed all costs to the Warrens in its judgment, and employed the following reasoning in classifying the survey expenses as costs:

---

accordance with the requirements of Rule 73.01(c).

6. The Warrens' points and supporting arguments suffer other dispositive flaws. For example, the Warrens' opening brief, although acknowledging the requirements of ***Houston v. Crider***, 317 S.W.3d 178, 187 (Mo. App. 2010), fails to follow its required four-step analytical rubric for an against-the-weight-of-the-evidence argument. The Warrens attempt to do so in their reply brief, but this tactic is unavailing because it deprived the Dunlaps of an opportunity to respond to any attempted coherent against-the-weight-of-the-evidence argument. Moreover, the Warrens' argument in their reply brief still fails to defer to the trial court's implicit credibility determinations. *See id.* In addition, without any requested findings of fact and absent any indication to the contrary in this judgment, we must assume per Rule 73.01(c) that the trial court found that the Warrens failed to prove each of

the five elements necessary to establish their respective claims of adverse possession and prescriptive easement. Thus, any argument that the denial of those claims, upon which the Warrens bore the burden of proof, was against the weight of the evidence would necessarily require the Warrens to demonstrate that the existence of each and every element of each respective claim was against the weight of the evidence via the required four-step analytical rubric. Absent such an argument from the Warrens, we cannot consider, much less determine, whether the trial court's denial of the Warrens' claims for adverse possession and prescriptive easement were against the weight of the evidence.

7. As with points 1 and 2, point 3 does not specify which ***Murphy*** ground is relied on for reversal, but it is apparent from the Warrens' argument that they raise a misapplication-of-law challenge.

[The Dunlaps] were forced to incur these costs by the acts of [the Warrens] in cutting timber owned by [the Dunlaps] and located on [the Dunlaps'] lands, and [the Warrens] attempts to claim lands owned by [the Dunlaps]. In essence, [the Warrens] cut [the Dunlaps'] timber and then told [the Dunlaps] to "get a survey and prove it is yours" which [the Dunlaps] did. One-half of [the Dunlaps'] survey costs totaling $7,800.00 are taxed as court costs herein. The Court may apportion such costs. The sum of $3,900.00 of such amount is taxed as costs herein. *See Gieselmann v. Stegeman*, 470 S.W.2d 522 (Sup. Ct. 1971).

"The award of costs is a matter within the circuit court's sound discretion, and we will not disturb the award absent a showing of an abuse of discretion." *Sasnett v. Jons*, 400 S.W.3d 429, 441 (Mo. App. 2013). A trial court abuses its discretion when its decision is against the logic of the circumstances and is so arbitrary and unreasonable that it shocks one's sense of justice. *Id.* "If a judgment awards costs or expressly refuses to award costs in a manner that is inconsistent with the law, it is axiomatic that the trial court has abused its discretion." *Riggs v. State Dept. of Soc. Services*, 473 S.W.3d 177, 182 (Mo. App. 2015).

" 'Costs' are a creature of statute, and courts have 'no inherent power to award costs, which can only be granted by virtue of express statutory authority.' " *State ex rel. Merrell v. Carter*, 518 S.W.3d 798, 800 (Mo. banc 2017) (quoting *Gene Kauffman Scholarship Found., Inc. v. Payne*, 183 S.W.3d 620, 627 (Mo. App. 2006)); *see also G.K.S. v. Staggs*, 452 S.W.3d 244, 247 (Mo. App. 2014) (similar statement of the rule). "An item is not taxable as costs in a case unless it is specifically authorized by statute, or by agreement of the parties." *Groves v. State Farm Mut. Auto. Ins. Co.*, 540 S.W.2d 39, 44 (Mo. banc 1976); *see also McKee v. McKee*, 940 S.W.2d 946, 952 (Mo. App. 1997). Because "[c]osts were unknown to common law and statutory provisions allowing them are strictly construed[,] ... a litigant bears a heavy burden to show cause for departure from the usual and customary rule that each party must bear his or her own expenses of litigation." *Architectural Resources, Inc. v. Rakey*, 912 S.W.2d 676, 678-79 (Mo. App. 1995).

The Dunlaps do not cite any statute that authorizes the trial court to classify these survey expenses as court costs. Instead, they claim that because there were equitable issues tried in this case, the trial court had inherent equitable power to classify the surveys as court costs. In support, the Dunlaps rely on two cases. Neither aids their claim. In *Chapman v. Schearf*, 360 Mo. 551, 229 S.W.2d 552, 559 (Mo. banc 1950), the Court simply found that a court in equity had not abused its discretion by apportioning costs between the parties where the trial court found some issues in favor of each party. There was no dispute in *Chapman* whether the trial court could classify any particular item as a court cost. *Id.* In *Gieselmann v. Stegeman*, 470 S.W.2d 522, 525 (Mo. 1971), the Court held that a court sitting in equity had inherent discretionary power to award and apportion costs despite a statute (section 514.060) that provided costs should ordinarily be paid by the losing party. *See Sadowski v. Brewer*, 693 S.W.2d 891, 892-93 (Mo. App. 1985) (explaining the rule stated in *Gieselmann* and other equity cases). Again, there was no dispute as to whether the particular item taxed—expenses and services of a receiver—could be classified as a cost, as authorized by statute. *Gieselmann*, 470 S.W.2d at 525.

█ Unlike those cases, the issue here is not whether the trial court had discretion to *apportion* court costs between the parties; the issue is whether the trial court had legal authority to *classify* the survey expenses as a court cost. In that regard, we find no support for the Dunlaps' claim that a court sitting in equity may classify these pre-litigation survey expenses as court costs. Missouri courts have consistently held that, absent statutory authorization or an agreement between litigants, courts have no authority to classify a particular expense as a court cost. *Carter*, 518 S.W.3d at 800; *Groves*, 540 S.W.2d at 44; *McKee*, 940 S.W.2d at 952; *Architectural Resources, Inc.*, 912 S.W.2d at 679; *see also* 17 Mo. Prac. *Civil Rules Practice* § 77.01:3 (2016 ed.) ("While the trial court has substantial discretion on how to allocate costs between the parties, it does not have discretion on what costs may be taxed. The assessment of costs is a ministerial function, and only those costs allowed by statute may be assessed.").[8] In the absence of express statutory authority or an agreement between the parties, the trial court here abused its discretion by awarding costs in a manner that is inconsistent with Missouri law. *Riggs*, 473 S.W.3d at 182. The Warren's third point is granted.

### Decision

We reverse and remand that portion of the judgment that taxes $3,900 in survey expenditures as a court cost against the Warrens and direct that such language be stricken from the judgment. *See Architec-*

*tural Resources, Inc.*, 912 S.W.2d at 682; *Sadowski*, 693 S.W.2d at 893. The judgment is affirmed in all other respects.

MARY W. SHEFFIELD, P.J.—concurs

DON E. BURRELL, JR., J.—concurs

---

8. We recognize that a trial court "has inherent power and authority to order a survey in order to establish a proper legal description in a case where land boundaries are in issue." *McNear v. Rhoades*, 992 S.W.2d 877, 882 (Mo. App. 1999). In accordance with that inherent authority, the cost of such a court-ordered survey may be taxed as court costs. *Id.*; *Dillon v. Norfleet*, 813 S.W.2d 31, 33 (Mo. App. 1991). The rationale for such a rule is set forth in *Hart v. T. L. Wright Lumber Co.*, 355 Mo. 397, 196 S.W.2d 272, 278 (Mo. 1946). The surveys at issue here, however, were not performed pursuant to the trial court's inherent authority to order a survey to establish a proper legal description, and thus, may not be classified as court costs on that basis.