GARY W. LYNCH, J.-OPINION AUTHOR
M.D.H. ("Father") appeals from the judgment in an adoption proceeding terminating his parental rights to his daughter, A.F.W. ("Child"), on the statutory grounds of abandonment, neglect, failure to rectify, and parental unfitness. See section 211.447.5(1)-(3), (6).[1] He raises seven points on appeal challenging the trial court's factual findings in support of each of those statutory grounds for termination. Finding no merit in Father's first two points related to the abandonment ground and that resolution of those points is dispositive of this appeal, we affirm the trial court's judgment.
Factual and Procedural Background [2]
Child was born in July of 2012. As part of a September 23, 2013 paternity decree, *69 S.M.W. ("Mother") was awarded legal and physical custody of Child and Father was assigned a child support obligation, which was ultimately garnished from his monthly Social Security disability checks. From her birth until August of 2015, Father was not involved in Child's life.
On July 2, 2015, Child was discovered walking unsupervised down a street and was taken into protective custody. The Children's Division of the State of Missouri's Department of Social Services contacted Father, who allowed a visit by a case worker in his home on August 19, 2015. Father then participated in a family support team meeting on August 26, 2015. Father refused to enter into a social service plan, although one was made available to him. Thereafter, Father did not return phone calls from the Children's Division and ceased all engagement for over 14 months until November 10, 2016. During this period of time, Child was in foster care with C.W.B. ("Respondent"), and on August 15, 2016, a permanency order was entered changing the case goal from reunification to termination of parental rights and adoption.
Finally, and almost three months after the case goal had changed to termination of parental rights and adoption, on November 10, 2016, Father responded to a letter from Ms. Katie Groce, a foster care case manager, and, thereafter, maintained some engagement with the Children's Division regarding Child. On December 8, 2016, Respondent filed her petition to terminate Father's and Mother's parental rights and to transfer the custody of and adopt Child.
On March 26, 2017, before trial on Respondent's petition, Father and Child met for the first time as part of a supervised visitation. During their visitation, Father was unable to meaningfully engage with Child without the assistance of Ms. Karla Bunch, who then served as Child's counselor. Child later expressed to Ms. Bunch that she did not want to see Father because she was afraid of being taken away from Respondent. Child had no bond or emotional attachment to Father.
Father received a parenting psychological evaluation on May 25, 2017. Dr. Blake Webster, who conducted the evaluation, diagnosed Father with schizoaffective disorder. Based upon this diagnosis and a parenting assessment, Dr. Webster opined that Father did not have the ability to act as the sole caretaker for a child.
A bench trial was held on Respondent's petition on June 30, 3017, during which Respondent and Father presented evidence.[3] The trial court ultimately granted Respondent's petition, concluding the evidence supported the statutory termination grounds of abandonment, neglect, failure to rectify, and parental unfitness and that termination was in Child's best interests.
Regarding abandonment, the trial court found that Father "demonstrated an intent to abandon [Child]"; "[F]ather made no meaningful effort to visit or communicate with [Child] from the time of [Child]'s birth until [Child] came into foster care in July of 2015"; the only evidence of support was child support payments garnished from Father's Social Security disability checks and that this "was not a voluntary act by the [F]ather, and thus does not demonstrate any intent by the [F]ather to maintain a relationship with [Child]"; "[F]ather met with the caseworker a few times immediately upon [Child] entering foster care, [but] the Court gives no weight to said period of limited interest in [Child]"; "[F]ather has maintained contact with his caseworker since November 2016, *70 and made efforts to comply with a social service plan, [but] said efforts have come largely after the filing of the Petition for Adoption of [Child], and the Court gives said efforts little weight"; and "said efforts and contributions made by [Father] since November of 2016 [were] token."[4] The trial court concluded that "[F]ather, without good cause, left [Child] without any provision for parental support and without making arrangements to visit or communicate with [Child], although able to do so, and has willfully abandoned [Child]." Father appeals.
Applicable Principles of Review
Termination of parental rights (TPR) is a two-step process. First, a trial court must find by clear, cogent, and convincing evidence at least one § 211.447 ground for termination. Adoption of C.M.B.R. , 332 S.W.3d 793, 815 (Mo. banc 2011).[5] This "clear, cogent, and convincing" standard is said to be met if the scales instantly tilt toward termination when the factfinder weighs the evidence pro and con. Id. at 815.
***
An appellate court reviews whether clear, cogent, and convincing evidence supports termination under Murphy v. Carron , 536 S.W.2d 30 (Mo. banc 1976). C.M.B.R. , 332 S.W.3d at 815. "Therefore, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." Id. (citing Murphy , 536 S.W.2d at 32 ). Only one statutory termination ground is needed to sustain the judgment. Id. at 816 n.17.
In re Interest of Z.L.G. , 531 S.W.3d 653, 655-56 (Mo.App. 2017).
" 'Conflicting evidence will be reviewed in the light most favorable to the trial court's judgment. Appellate courts will defer to the trial court's credibility assessments. When the evidence poses two reasonable but different inferences, this Court is obligated to defer to the trial court's assessment of the evidence.' " In re Interest of J.P.B. , 509 S.W.3d 84, 90 (Mo. banc 2017) (quoting J.A.R. v. D.G.R. , 426 S.W.3d 624, 626 (Mo. banc 2014) ).
In reviewing questions of fact, the reviewing court is to recognize that the circuit court is free to disbelieve any, all, or none of the evidence, and it is not the reviewing appellate court's role to re-evaluate the evidence through its own perspective. The trial court receives deference on factual issues because it is in a better position not only to judge the credibility of the witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record.
Id. (internal quotation marks and citations omitted).
Discussion
We begin our discussion with Father's first two points, in which he challenges the trial court's factual findings related to the abandonment ground for termination. The relevant statute, section 211.447.5(1)(b), provides that a child is abandoned if, for a period of six months or longer, "[t]he parent has, without good cause, left the child without any provision for parental support and without making arrangements to visit *71 or communicate with the child, although able to do so." In his first point, Father asserts that the trial court's finding that he left Child "without any provision for parental support" is not supported by substantial evidence. Father asserts in his second point that the trial court's finding that he intended to abandon Child is against the weight of the evidence. Our resolution of these two points, which we address in reverse order, is dispositive of Father's appeal.[6]
Point 2-Finding of Intent to Abandon Child is Not Against the Weight of the Evidence
In his second point, Father broadly claims that the trial court's judgment was against the weight of the evidence in that "[he] did not abandon [Child] because [his] conduct demonstrated his intent to continue his parent-child relationship with [Child]." Father's argument fails because he does not adhere to the analytical framework for an against-the-weight-of-the-evidence challenge and, therefore, has failed to demonstrate any merit in his claim.
"[A] claim that the judgment is against the weight of the evidence presupposes that there is sufficient evidence to support the judgment." J.A.R. v. D.G.R. , 426 S.W.3d 624, 630 (Mo. banc 2014). Therefore, an against-the-weight-of-the-evidence challenge requires completion of four analytical steps:
(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
(2) identify all of the favorable evidence in the record supporting the existence of that proposition;
(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,
(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.
Houston v. Crider , 317 S.W.3d 178, 187 (Mo.App.2010) ; see also In re Interest of I.G.P. , 375 S.W.3d 112, 127 (Mo.App. 2012).
In her brief, Respondent asserts that Father omits any evidence favorable to the trial court's finding as required by Houston 's second step-identify all of the favorable evidence in the record supporting the existence of the challenged proposition. We agree with Respondent. Father's recitation of "the evidence" in his argument under this point, the majority of which is derived from his own testimony and all of which is based on testimony contrary to the trial court's finding he intended to abandon Child, is as follows:
In this case, the uncontested evidence[7] was that [Father] attended his *72 paternity trial on September 23, 2013. [He] requested visitation with [Child] on multiple occasions between the paternity trial and the opening of the juvenile case on August 15, 2015, but was denied by [Mother] on each occasion. In fact, [Mother] convinced [him] that there was a "no contact order" in place regarding [Child]. [He] requested visitation at the beginning of the juvenile case in August 2015, but was refused by the Children's Division. [He] was told that he would not be permitted to see [Child] until his mental condition was treated, which he initiated at the Clark Center in January 2016. Moreover, [he] acknowledged in his interview with Mr. Webster that it could have been harmful for [him] to see [Child] before he received treatment for his mental condition. [He] incessantly requested visitation between reengaging on November 10, 2016 and trial, but was only afforded one visit on March 26, 2017. [He] paid child support from September 23, 2013 through the date of trial in this matter. [He] provided [Child] with gifts and supplies beginning in November 2016.
(Record citations omitted).
Presumably in an attempt to rectify this omission, Father, in his reply brief, quotes from his statement of facts in his initial brief as follows: "[he] was not active in [Child]'s life, [he] was not engaged with the Children's Division between August 25, 2015 and November 10, 2016, and [he] reported that he had never met [Child] prior to March 26, 2017." (Internal quotation marks omitted). This does not comply with Houston 's second step for two reasons. First, identifying favorable evidence and relating it to the challenge in a point for the first time in a reply brief precludes a respondent from any opportunity to respond. Warren v. Dunlap , 532 S.W.3d 725, 730 n.6 (Mo.App. 2017). Here, for instance, while Respondent pointed out in her brief that Father failed to identify any favorable evidence in his argument under this point, she has no vehicle by which to challenge the accuracy or completeness of Father's belated purported identification of favorable evidence he now claims is related to his challenge.
Second, the mere recital of evidence in a statement of facts in an appellant's initial brief does not necessarily identify any particular evidence as being favorable to a specific factual proposition challenged and argued under a particular point relied on. The identification of evidence in Houston 's second step includes not only reciting the favorable evidence somewhere in the brief, but also expressly and analytically relating it to the specific proposition being challenged in a particular point relied on and in its supporting argument. Otherwise, gleaning particular relevant items of favorable evidence from the entirety of all the evidence recited in a statement of facts and attempting to apply them in a logical manner to such a challenge would require a respondent and this court to guess and speculate as to the exact nature of an appellant's argument and would further require this court to become appellant's advocate in order to craft a cogent argument for appellant, which we cannot do, see Herd v. Herd , No. SD 34833, 537 S.W.3d 414, 418-19, 2018 WL 524802, at *4 (Mo.App. Jan. 24, 2018) (quoting Thummel v. King , 570 S.W.2d 679, 686 (Mo. banc 1978) ) ("It is not the function of the appellate *73 court to serve as advocate for any party to an appeal").
Father's attempt to comply with Houston 's third step-identify the evidence in the record contrary to the belief of the challenged proposition-is deficient because he fails to resolve all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit, as required by our standard of review.[8] See J.P.B. , 509 S.W.3d at 90 ; Houston , 317 S.W.3d at 187. "This Court defers on credibility determinations when reviewing an against-the-weight-of-the-evidence challenge because the circuit court is in a better position to weigh the contested and conflicting evidence in the context of the whole case." Ivie v. Smith , 439 S.W.3d 189, 206 (Mo. banc 2014). Father offers no explanation why the trial court was required to credit the identified contrary testimony when our standard of review provides that the trial court "is free to disbelieve any, all, or none of the evidence" and that on appellate review the "trial court receives deference on factual issues because it is in a better position not only to judge the credibility of the witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record." J.P.B. , 509 S.W.3d at 90 (internal quotation marks and citations omitted).
"Evidence not based on a credibility determination, contrary to the circuit court's judgment, can be considered in an appellate court's review of an against-the-weight-of-the-evidence challenge." Ivie , 439 S.W.3d at 206 (Mo. banc 2014). Father identifies no such evidence here, and therefore, fails to identify any evidence in the record that can be considered as contrary to the belief of the challenged proposition, as required by Houston 's third step.
As a consequence of his favorable factual omissions, disregard of our standard of review, and failure to identify evidence not based on a credibility determination contrary to the trial court's finding of his intent to abandon Child, Father does not and cannot complete Houston 's fourth step in its against-the-weight-of-the-evidence analytical framework, i.e., he cannot demonstrate why the favorable evidence was so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in the challenged proposition. "The omission of material favorable evidence from the weighing process strips [Father's] purported demonstration of any analytical value or persuasiveness." Id. at 189. Similarly, the omission of any contrary evidence that can be considered in the weighing process also robs Father's purported against-the-weight-of-the-evidence demonstration of any analytical value or persuasiveness.
As a result, Father has failed to demonstrate that the trial court's finding that he intended to abandon Child is against the weight of the evidence. Point 2 is denied.
Point 1-Finding that Father left Child without any provision for parental support is supported by substantial evidence
Father claims, in his first point, that the trial court's judgment was not supported by substantial evidence in that "[he] did not abandon [Child] because he "provided 'reasonable or necessary' support to [Child] from September 23, 2013 to *74 the date of trial." The "support" to which Father refers are child support payments that were garnished from Father's Social Security disability benefits. Father cites section 452.340, RSMo. 2016, which provides that "[i]n a proceeding for dissolution of marriage, legal separation or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for the support of the child[.]" (Emphasis added). Without citation to any supporting legal authority, Father bases his argument upon the premise that the payment of "reasonable or necessary" support under section 452.340 conclusively precludes the trial court's finding that he "left the child without any provision for parental support" under section 211.447.5(1)(b).[9] We disagree because mere financial support is not the equivalent of parental support.
"Abandonment is largely a matter of intent." C.M.B.R. , 332 S.W.3d at 816. And that intent can be shown when a parent intentionally withholds his or her "presence, care, love, protection, maintenance[,] and the opportunity for display of filial affection from the child." Id. (internal quotation marks omitted). In this context, the circumstances giving rise to the "provision for parental support" under section 211.447.5(1)(b) are much broader than just financial considerations. Parental support through care, love, protection and displays of affection are measured by a parent's actions, not dollars. The provision of parental support, therefore, is an ultimate fact inferred from the totality of all relevant circumstances.
Here, as previously discussed, the trial court found that Father intended to abandon Child and that finding is supported by substantial evidence and is not against the weight of the evidence, supra . The mere payment of financial support within the totality of circumstances where a parent has intentionally withheld his presence, care, love, protection, and affection from his child supports a reasonable inference of a superficial parent-child relationship based only upon an obligor's intent to satisfy a financial obligation and burden. "A parent is not allowed to maintain only a superficial or tenuous relationship with his child in order to avoid a determination of abandonment." In re Interest of R.K. , 982 S.W.2d 803, 806 (Mo.App. 1998). This is especially so in a case such as this where the payment of that financial support was legally coerced by court judgment and garnishment and, as found by the trial court, was not the product of Father's intent to provide parental support for his child.
*75 In sum, Father's involuntary payment of child support does not, contrary to his argument otherwise, conclusively preclude the trial court's finding that he left Child without "any provision for parental support" under section 211.447.5(1)(b). The premise of Father's Point 1 argument fails and the point is denied.
Points 3-7 are Moot
Because both of Father's challenges to the trial court's finding of abandonment fail, it follows that his remaining points, all of which are directed at other statutory grounds for termination, need not be addressed. See
Z.L.G. , 531 S.W.3d at 656.
Decision
The trial court's judgment is affirmed.
MARY W. SHEFFIELD, P.J.-concurs
DON E. BURRELL, J.-concurs

All statutory references to section 211.447 are to RSMo Cum.Supp. 2014.

Our view of the facts is derived in accordance with the applicable standard of review as set forth in the next section of this opinion.

Before trial, Mother filed a form in which she consented to the termination of her parental rights and Respondent's adoption of Child.

The trial court made similar findings for the other statutory grounds for termination, additionally citing as support Father's mental condition, lack of parenting capabilities, and inability to provide for himself or others without assistance.

Abrogated on other grounds by S.S.S. v. C.V.S. , 529 S.W.3d 811 (Mo. banc 2017).

As the existence of only one statutory ground for termination is necessary for us to affirm the trial court's judgment, Z.L.G. , 531 S.W.3d at 656, and we determine that Father's claims related to abandonment have no merit, we need not address his remaining points challenging the trial court's findings supporting the statutory grounds of neglect (points 3-5), failure to rectify (point 6), and parental unfitness (point 7). Father does not challenge the trial court's finding that termination of his parental rights was in Child's best interest.

Father does not explain how or why this recited evidence is "uncontested" or how that designation, if true, impacts his against-the-weight-of-the-evidence analysis and argument. Respondent and Father offered conflicting evidence at trial on the fact question of whether Father intended to abandon Child. Therefore, that issue was contested at trial. "When the facts relevant to an issue are contested, the reviewing court defers to the trial court's assessment of the evidence." White v. Dir. of Revenue , 321 S.W.3d 298, 308 (Mo. banc 2010).

While the trial court made many findings of fact in its judgment, any fact issues upon which no specific findings were made are "considered as having been found in accordance with the result reached." Rule 73.10 Missouri Rules of Court (2017); J.A.R. , 426 S.W.3d at 626.

While Father frames his point and argument as a substantial-evidence challenge to the trial court's finding that he left Child without any provision for parental support, he completely fails in his argument to follow the Houston three-step analytical framework for such a challenge. Houston , 317 S.W.3d at 187. Rather, he asserts "the uncontroverted evidence was that, as a matter of law , [Father] provided "reasonable or necessary" support to [Child] for the vast majority of her life. Therefore, the judgment finding that [Father] failed to support [Child] is not supported by substantial evidence." (Emphasis added). The trial court found that child support payments were garnished from Father's disability benefits but that such payments were "not a voluntary act by [Father], and thus [do] not demonstrate any intent by [Father] to maintain a relationship with [Child]." Father's only challenge to this latter finding is implicit within his second point's against-the-weight-of-the-evidence challenge to the trial court's finding that he intended to abandon Child, in which we found no merit. Respondent urges us to deny Father's first point because of his failure to comply with the Houston framework. It appears, however, that Father's confusion as to the nature of his complaint, lack of substantial evidence or error of law, flows from his faulty legal premise for his argument. We, ex gratia , address that premise.