

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| In re the Marriage of MARY ELAINE SCRIVENS and RICHARD ROBERT SCRIVENS | ) ) ) ) | |
| MARY ELAINE SCRIVENS, | ) ) | |
| Petitioner-Respondent, | ) ) | |
| vs. | ) ) | No. SD33908 |
| RICHARD ROBERT SCRIVENS, | ) ) | Filed May 19, 2016 |
| Respondent-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY

Honorable John D. Wiggins

<u>AFFIRMED</u>

The trial court awarded Richard Robert Scrivens ("Father") and Mary Elaine Scrivens ("Mother") joint legal and joint physical custody of their child ("Child"), and Father appeals. On appeal, Father contends "the weight of the evidence below was . . . that the parties did not share a commonality of belief concerning parental decisions, and had not functioned and could not function as a unit in making parental decisions for their son[,]" such that the trial court's award of joint legal and joint physical custody was against the weight of the evidence. Finding no merit in Father's point, we affirm the trial court's judgment.

1

## Standard of Review

"On review of a court-tried case, an appellate court will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Ivie v. Smith*, 439 S.W.3d 189, 198-99 (Mo. banc 2014) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). We view the evidence and permissible inferences drawn therefrom in the light most favorable to the judgment. *Suffian v. Usher*, 19 S.W.3d 130, 136 (Mo. banc 2000).

> The Missouri legislature has declared that it is the public policy of this state to assure children frequent and meaningful contact with both parents, and that it is in the public interest to encourage parents to share decision-making rights and responsibilities of child rearing. . . .
> Before a joint custody arrangement can be said to be in the best interests of the child, there should be some evidence in the record to support a finding that the parents are emotionally equipped to deal with each other as equal partners in the care of their child. The preference for joint custody stated in § 452.375.3 is in favor of parents who show the willingness and ability to share the rights and responsibilities of child-rearing even after they have dissolved their marriage.

*In re Marriage of Chorum*, 959 S.W.2d 900, 903 (Mo.App. 1997) (internal citations omitted).

## Factual and Procedural Background

Mother and Father married in April 2009, Child was born in December 2010, and the parties separated in October 2011. Their marriage was dissolved on January 11, 2013, but custody determinations concerning Child were deferred until later. Following a hearing on June 30, 2014, the trial court approved and ordered the parties to follow the Joint First Amended Proposed Parenting Plan, agreed to by Mother and Father, which provided for joint legal and joint physical custody. Before a final judgment was entered, however, Father filed on September 10, 2014, a motion to set aside the joint parenting plan. The trial court did so but ordered the parties to temporarily follow that parenting plan.

2

Father and Mother both proposed new parenting plans. Father's Second Amended Proposed Parenting Plan requested that he have sole legal custody. Mother proposed a parenting plan that provided for joint legal and joint physical custody with Father's address to be designated as Child's mailing address for mailing and educational purposes, with each parent having "residential time" on alternate weeks.

At a hearing concerning the parties' proposed parenting plans, Mother testified that in June 2014, she, Father, and their attorneys spent time crafting a joint parenting plan with a unique schedule that consisted of Child residing with Mother "every other weekend, but a really long weekend[.]" This was the parenting plan initially approved by the trial court on June 30, 2014. Father and Mother followed that plan for only a few weeks before they began exchanges every Friday instead. Based upon this agreed schedule modification, Child stayed with each parent on alternating weeks beginning in July 2014, and the parties continued to follow that "week on/week off exchange" pattern through the date of trial. Mother's proposed parenting plan would continue that arrangement.

The trial court's First Amended Judgment and Decree of Dissolution of Marriage considered and made findings on all of the statutory factors for child custody under section 452.375, RSMo Cum.Supp. 2011, and adopted Mother's parenting plan. The trial court found that both parties had demonstrated their willingness to share physical custody despite Father's request for sole custody and that since July 2014 (when the parties began their week on/week off exchanges) both parties had endeavored to allow each parent to actively perform their functions as parents.

**Discussion**

Father's sole point relied on states:

> The trial court *abused its discretion* and committed reversible error when it approved [Mother's] second amended parenting plan and found that joint legal custody was in the best interests of their son, with alternating seven day periods of custody between the parties, because that parenting plan and the award of joint custody of their son and the failure to require [Mother] to return to the city location from which she moved to live close to [Father] so as to facilitate [Father's] contact with their son, was *against the weight of the evidence*, and *misapplied Missouri law*, in that Missouri law requires an award of joint legal custody of a child be *supported by substantial evidence* that the parents had "a commonality of belief concerning parental decisions and the willingness and ability to function as a unit in making those decisions," and the *weight of the evidence* below was that, because of [Mother's] histrionic personality disorder and her impulsive, obsessive compulsive, anti-social and narcissistic personality traits, and her admitted and proven distrust and disdain for [Father] underscored that the parties did not share a commonality of belief concerning parental decisions, and had not functioned and could not function as a unit in making parental decisions for their son and [Mother] had not historically been willing and able to actively perform her functions as a mother for [Child's] needs, as evidenced by the parties' acrimonious, and distrustful relationship.

(Emphasis added).

Father's point is multifarious to the extent that it purports to simultaneously argue that the trial court's judgment was an abuse of discretion, was against the weight of the evidence, misapplied the law, and was not supported by substantial evidence. His point, therefore, is not preserved for appellate review. *Ivie v. Smith*, 439 S.W.3d 189, 199 n.11 (Mo. banc 2014). The argument portion of Father's brief, however, contests the judgment only as being against the weight of the evidence in that Mother and Father have not shown a "commonality of beliefs concerning parental decisions and the ability of parents to function as a unit" such that joint legal custody is warranted. We understand Father's only argument to be that the judgment is against the weight of the evidence in this specific regard,[1] and we choose to review this claim *ex gratia*.

"This Court will overturn a trial court's judgment on the ground that it is against the weight of the evidence—with the term 'weight' referring to the probative value (not quantity) of the evidence—only if it has a firm belief that the judgment is wrong." *Pearson v. Koster*, 367

---

[1] Father's reply brief confirms this understanding.

S.W.3d 36, 51 (Mo. banc 2012) (citing *White v. Dir. of Revenue*, 321 S.W.3d 298, 308–09 (Mo.

banc 2010)).  This rarely occurs.  *Pearson*, 367 S.W.3d at 52.

> When reviewing the record in an against-the-weight-of-the-evidence
> challenge, this Court defers to the circuit court's findings of fact when the factual
> issues are contested and when the facts as found by the circuit court depend on
> credibility determinations.  A circuit court's judgment is against the weight of the
> evidence only if the circuit court could not have reasonably found, from the
> record at trial, the existence of a fact that is necessary to sustain the judgment.
> When the evidence poses two reasonable but different conclusions, appellate
> courts must defer to the circuit court's assessment of that evidence.

*Ivie*, 439 S.W.3d at 206 (internal citations omitted).  "[T]his standard of review takes into

consideration which party has the burden of proof and that the circuit court is free to believe all,

some, or none of the evidence offered to prove a contested fact[.]"  *Id.*  "Evidence not based on a

credibility determination, contrary to the circuit court's judgment, can be considered in an

appellate court's review of an against-the-weight-of-the-evidence challenge."  *Id.*

In order to succeed in challenging a judgment as against the weight of the evidence, an

appellant must complete a four-step analysis:

> (1) identify a challenged factual proposition, the existence of which is necessary
> to sustain the judgment;
>
> (2) identify all of the favorable evidence in the record supporting the existence of
> that proposition;
>
> (3) identify the evidence in the record contrary to the belief of that proposition,
> *resolving all conflicts in testimony in accordance with the trial court's credibility
> determinations, whether explicit or implicit*; and,
>
> (4) demonstrate why the favorable evidence, along with the reasonable inferences
> drawn from that evidence, is so lacking in probative value, when considered in the
> context of the totality of the evidence, that it fails to induce belief in that
> proposition.

*Houston v. Crider*, 317 S.W.3d 178, 187 (Mo.App. 2010) (emphasis added).

We must "act with caution in exercising the power to set aside a decree or judgment on

the ground that it is against the weight of the evidence."  *Ivie*, 439 S.W.3d at 205.  "'[A] claim

that the judgment is against the weight of the evidence presupposes that there is sufficient evidence to support the judgment.'" *Id.* at 205–06 (quoting *J.A.R. v. D.G.R.*, 426 S.W.3d 624, 630 (Mo. banc 2014) (alteration omitted)).  Rather, an against-the-weight-of-the-evidence claim triggers an appellate test "of how much persuasive value evidence has, not just whether sufficient evidence exists that tends to prove a necessary fact." *Ivie*, 439 S.W.3d at 206 (citing *White*, 321 S.W.3d at 309).  This "standard serves only as a check on a circuit court's potential abuse of power in weighing the evidence, and an appellate court will reverse only in rare cases, when it has a firm belief that the decree or judgment is wrong." *Ivie*, 439 S.W.3d at 205.

In addressing the first step of his against-the-weight-of-the-evidence argument, Father asserts that "there are two propositions necessary to sustain the custody judgment below, i.e. that the Joint Legal Custody award is in [Child's] best interests, and the subsidiary proposition that commonality of beliefs concerning parental decisions and the ability of parents to function as a unit."

Presumably, in his attempt to comply with the second step of an against-the-weight-of-the-evidence argument, Father's statement of facts contains a sub-section[2] entitled "**FAVORABLE EVIDENCE IN THE RECORD**" that sets out twenty paragraphs of evidence in the record that favors and supports joint custody of Child.  For example, paragraph twenty

---

[2] This subsection accounts for only three pages of facts.  Father's entire statement of facts is approximately fifty-five pages; presumably Father would characterize the other fifty-two pages as containing evidence unfavorable to the challenged proposition.  Because his argument requires analysis of evidence favorable and unfavorable to the challenged proposition while the standard of review requires this court to view the facts in the light most favorable to the judgment, a better approach would be for Father's statement of facts to contain only facts favorable to the judgment and then his argument section could incorporate evidence unfavorable to the challenged proposition as appropriate and necessary. *See, e.g.*, *Massey v. Massey*, 464 S.W.3d 577, 580 (Mo.App. 2015).  As is, Father's statement of facts bears no logical relationship or connection to his analysis of the evidence in his argument.

6

states, "Between their separation and December[] 2012, [Father] visited with [Child] 'when he could.'"[3]

Father then sets out almost ten pages of evidence that he labels "contrary evidence," followed by fifty-three paragraphs of specific evidence that he contends is "unfavorable and contrary evidence[.]" While Father implies that this recitation of contrary evidence is in accord with the third step of a *Houston* against-the-weight-of-the-evidence argument, it is not. Father ignores the requirement that all conflicts in testimony must be resolved *in accordance with the trial court's credibility determinations, whether explicit or implicit. Houston*, 317 S.W.3d at 187; *see Ivie*, 439 S.W.3d at 206 (appellate court "defers to the circuit court's findings of fact when the factual issues are contested and when the facts as found by the circuit court depend on credibility determinations").

Father's brief acknowledges that Mother testified that she and Father "consulted about babysitters" and her testimony otherwise showed a willingness to co-parent. Skipping to the fourth step of an against-the-weight-of-the-evidence argument, however, Father implicitly asserts that the trial court should not have believed any of Mother's testimony because "[a]t trial, Dr. Duncan-Hively's reports admitted in evidence, her testimony and [Mother's] testimony, and the other testimony all negated the [favorable evidence] and the reasonable inferences therefrom when considered in the context of the totality of the evidence, results in the failure to induce the

---

[3] Our analysis under *Houston* necessarily focuses upon the evidence in the record supporting the existence of Father's specific challenged factual propositions. 317 S.W.3d at 187. As demonstrated in Mother's brief, Father's purported recitation omits substantial favorable evidence in the record supporting the challenged propositions. This omission analytically cripples Father's against-the-weight-of-the-evidence argument. *Id.* at 189 (omission of material favorable evidence from the weighing process strips appellant's purported demonstration of any analytical value or persuasiveness). Moreover, Father fails to explain how evidence such as Father's visiting Child "when he could" is favorable or unfavorable to the specific issue of whether Father and Mother have shown a willingness to co-parent and not just the larger issue of whether Mother or Father is the more appropriate custodian.

7

belief in the two propositions[.]"[4] Father accuses the trial court of "fail[ing] to look beyond the surface of [Mother's] testimony[.]"

Father's analysis, however, merely points out conflicts in the testimony that we are required to resolve in accord with the trial court's credibility determinations. Because "[c]ircuit courts are free to believe any, all, or none of the evidence presented at trial[,]" *Ivie*, 439 S.W.3d at 200, and "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached[,]" Rule 73.01(c),[5] we must conclude that the trial court believed Mother's testimony that she and Father had been making joint legal decisions for the first four years of Child's life and could continue to do so.

On contested factual issues, conflicts in lay and expert testimony given at trial and documents created or derived based upon that testimony admitted into evidence at trial can only be resolved by the trial court making credibility determinations. In an against-the-weight-of-the-evidence argument on appeal, we are required to defer to those credibility determinations. *Ivie*, 439 S.W.3d at 206. An appellant's argument on appeal is, therefore, also constrained by this standard of review. *Houston*, 317 S.W.3d at 187. An against-the-weight-of-the-evidence challenge does not grant an appellant license to ignore such deference and argue witness credibility issues on appeal. Appellants taking such license deprive their argument of any persuasive or analytical value and doom their challenge to defeat. *Ivie*, 439 S.W.3d at 202. Such is the case here, where Father relies entirely upon his notions as to the credibility of conflicting testimony and fails to direct us to any evidence contrary to the judgement not based on a credibility determination. *See id.* at 206 (contrary evidence not based on a credibility

---

[4] Father presents other arguments in favor of disbelieving Mother's testimony; however, all of these arguments are similarly flawed.

[5] Rule references are to Missouri Court Rules (2016).

8

determination can be considered in an appellate court's review of an against-the-weight-of-the-evidence challenge).

Father relies primarily on *In re Marriage of Johnson*, 865 S.W.2d 412, 417 (Mo.App. 1993). In *Johnson*, this court held that where the record is "devoid of *substantial evidence* that the parties have a commonality of belief concerning parental decisions and the willingness and ability to function as a unit in making those decisions[,]" an order of joint legal custody must be reversed and remanded. *Id.* at 417 (emphasis added). Although we agree that a lack of evidence of conflict between the parents cannot meet the requirement that there be "affirmative proof," *J.L.S. v. D.K.S.*, 943 S.W.2d 766, 774 (Mo.App. 1997), or "some evidence," *Chorum*, 959 S.W.2d at 903, showing that the parents can function as a unit, *Johnson* has no applicability here. This is so because Father's argument that the judgment is against the weight of the evidence "'presupposes that there is sufficient evidence to support the judgment.'" *Ivie*, 439 S.W.3d at 205–06 (quoting *J.A.R.*, 426 S.W.3d at 630). Indeed, Mother's testimony, as tacitly acknowledged by Father in his brief, provided such substantial evidence.

In conclusion, Father has failed to demonstrate that the trial court's judgment is against the weight of the evidence. His point is denied.

### Conclusion

The trial court's judgment is affirmed.


GARY W. LYNCH, J., opinion author

DON E. BURRELL, P.J., concurs

WILLIAM W. FRANCIS, JR., J., concurs