PER CURIAM.
Charles M. Hanson ("Husband") and Annette Leigh Hanson ("Wife") were married in 1990; the judgment of dissolution was entered on April 4, 2017. Husband brings four claims of error in the valuation and division of marital property; one claim in the refusal to order Wife to pay retroactive child support; another claim in awarding maintenance to Wife; and finally, a claim in the trial court awards for attorney fees. We find no error and affirm the judgment.
Property Distribution
For ease of discussion and because of our standard of review, we will discuss the claims of error in the property valuation and distribution first. Under our standard of review, we may reverse only if the trial court's judgment is not supported by substantial evidence, is against the weight of the evidence, or is an erroneous declaration or application of the law. In re Marriage of Scrivens , 489 S.W.3d 361, 363 (Mo. App. S.D. 2016). Additionally, it is not sufficient to simply claim error in the valuation or the distribution of a marital asset; Husband must also claim that the distribution was inequitable when considering the total award of assets. See Stroh v. Stroh , 454 S.W.3d 351, 362 (Mo. App. S.D. 2014) (" 'Error in classifying property is not necessarily prejudicial unless it materially affects the merits of the action.' ") (quoting Jinks v. Jinks , 120 S.W.3d 301, 306 (Mo. App. W.D. 2003) ). Further, the trial court judgment is presumed correct. Stroh , 454 S.W.3d at 354. And finally, all credibility findings are within the province of the trial court. Id. at 354-55.
With those standards in mind, we address Husband's four claims of property valuation and distribution error. Husband complains that the court erred in finding that real property, denominated Willow Funeral Home, was marital property. Husband admits that the real estate was acquired during the marriage and is jointly titled with a Mr. Andrew Gilmore, but argues that the funeral home was a gift from Gilmore. Husband frames the issue as a misapplication of the law and bases his argument on the testimony of Mr. Gilmore. Mr. Gilmore testified that when he purchased the funeral home it was Gilmore's intent that Husband only have a contingent interest in the funeral home. Husband's argument ignores the specific credibility findings of the trial court.
The trial court found that Husband was solely an employee until July of 2014, at which time Husband began operating the funeral home as a sole proprietor. The court then looked at the "circumstances surrounding the acquisition of the funeral home real estate." The court noted it was Husband's understanding when he moved to Missouri that he would be able to buy *516 into the business at some point. Wife testified the parties had some sort of partnership. The court noted that though Mr. Gilmore testified that Husband only had a contingent interest in the real estate, Husband is actually a one-half owner free of any contingencies. The court noted, "Mr. Gilmore appears to be an intelligent and sophisticated businessman who would not carelessly give away a half interest in his property. There was no testimony of any conveyances or legal proceedings taken or planned to correct or change [Husband's] ownership in the real estate." The court found that Husband's interest in the funeral home property was acquired during the marriage as a result of Husband's employment relationship with Mr. Gilmore. It was within the province of the trial court to disbelieve the testimony of Mr. Gilmore and determine that the real estate was acquired during the marriage and was not a gift.[1] The trial court's finding that the funeral home real estate was marital property was not error.
Next, Husband also argues that the trial court erred in valuing the marital residence which was awarded to Husband at $108,000 because there was no substantial evidence to support the valuation in that his expert testified the property was worth $35,000. A little background is necessary. The home was purchased in 2005 for $108,000. Husband initially valued the property on the property list at $115,000. Wife valued the property at $150,000. Husband hired an appraiser who claimed the property was only worth $35,000. Husband now argues that the trial court erred in its valuation because the court was required to accept the valuation of the "expert." There is no such requirement for the trial court. Once again, we note the trial court's very specific and conscientious findings.
The court noted that the expert was a licensed Missouri auctioneer, but not a licensed real estate appraiser. The court noted that, though the expert stated the standard for real estate appraisals was to use comparable real estate sales to determine value, the expert did not use any comparable sales. The expert testified that his price of $35,000 was the price that it would bring at an auction. The court found that the deviation in the values placed on the house by the parties was too great and self-serving to be reliable testimony. The court specifically rejected the testimony of Husband that the house had deteriorated and that the debt was three times the amount of the value. Noting that "[w]hen the trial court's valuation of property is within the range of conflicting evidence of value offered at trial, the court acts within its discretion to resolve conflicts in evidence[,] Taylor v. Taylor , 25 S.W.3d 634, 644 (Mo. App. W.D. 2000)," the trial court used the purchase price of $108,000. The trial court did not err in using the purchase price of the property as the value for the real estate.
Husband's next complaint about the property distribution is that the trial court awarded a Cadillac Deville to Husband that was no longer owned by the parties. Husband then presents in his argument the following facts without any attribution to the record.[2] Husband argues that we should accept as true the facts that the Cadillac was owned at the time of the dissolution, was listed on the initial property lists as marital property, and subsequently was sold in order to purchase another vehicle (a Ford Fusion). The *517 problem is that even if we accept as fact that the parties owned a Cadillac at the time of the filing, we cannot accept as undisputed that Husband sold the vehicle in order to purchase the Ford Fusion. Husband does not show us anywhere in the record that the trial court concluded that the value of the Ford Fusion included the $500 from the Cadillac. In fact, the court specifically states that it did not include the $500 sales proceeds in the determination of the property division. First, the judgment is presumed correct. Furthermore, Husband failed to show how a $500 "error" materially affected the merits of the property distribution. Husband has not met his burden of showing any material error in the inclusion of $500 in the marital estate.
Finally, as to the division of property, Husband alleges that the equalization payment "in the total sum of $28,545.35 as 50% of the marital estate was an abuse of discretion because there was no substantial evidence to support such a finding." Husband's point is deficient. We cannot discern just what his complaint is. Husband appears to be complaining that Wife should not have been awarded 50% of the marital estate. We will interpret the point in that manner. Husband correctly states the law in his argument that an equitable division does not necessarily mean an equal division. See Jenkins v. Jenkins , 406 S.W.3d 919, 925-926 (Mo. App. W.D. 2013) ("The division of marital property is reviewed for an abuse of discretion and need not be equal but must be fair and equitable under the circumstances of the case.") (internal quotations and citations omitted). He admits that the trial court has great flexibility and far-reaching power to divide the marital property to accommodate the needs of the parties upon dissolution and that there is no formula respecting the weight to be given the relevant factors set forth in section 452.330.1.[3] See Waisblum v. Waisblum , 968 S.W.2d 753, 756 (Mo. App. W.D. 1998) (" 'Section 452.330.1 gives the trial court great flexibility and far-reaching power to divide the marital property so as to accommodate the needs of the parties upon dissolution and there is no formula respecting the weight to be given the relevant factors which a court may consider.' " Crews [v. Crews], 949 S.W.2d [659,] 664 [Mo.App. W.D. 1997].")
Despite acknowledging our standard of review, Husband sets forth all of the factors that might support Husband receiving a greater share of the marital assets.
In order to succeed in challenging a judgment as against the weight of the evidence, an appellant must complete a four-step analysis:
(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
(2) identify all of the favorable evidence in the record supporting the existence of that proposition;
(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit ; and
(4) demonstrate why the favorable evidence along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the *518 evidence, that it fails to induce belief in that proposition.
Scrivens , 489 S.W.3d at 365-66 (quoting Houston v. Crider , 317 S.W.3d 178, 187 (Mo. App. S.D. 2010)) (emphasis added). Husband ignores any factors supporting the court's division. The factors supporting the almost equal division of the property, and as noted by the trial court, include: the parties were married for twenty-six years, Wife was a homemaker and parent of six children during the marriage, Wife was economically dependent upon Husband for her support, Husband was awarded almost all of the personal property because he remained in Missouri while Wife lived in California, and both parties were guilty of misconduct but the misconduct did not justify a disproportionate award to either party. All of those factors support the division of property by the trial judge. The court did not abuse its discretion in dividing the marital property "equally."
Husband's four points regarding the valuation and division of marital property are denied.
Retroactive Child Support
Husband complains that the trial court erred in failing to award him retroactive child support. Again, Husband correctly states that section 452.340.1 permits but does not require an order of retroactive child support from the date of the filing of the petition. Nothing in the statute or Rule 88.01 "creates a presumption that an award calculated under the Form 14 formula is to be retroactive." Mistler v. Mistler , 816 S.W.2d 241, 255 (Mo. App. S.D. 1991). Husband admits that the decision as to the effective date of child support will not be reversed without a clear showing of an abuse of discretion. Snell v. Snell , 916 S.W.2d 414, 416-17 (Mo. App. W.D. 1996).
The trial court noted:
[Husband] requests the Court to award him child support from [Wife] retroactive to February 1, 2015. That amount would exceed $7,000.00. After consideration of all relevant factors, the Court finds that the determination of whether to award retroactive support must be viewed as a practical matter by consideration of the financial resources and needs of the parents. Although it is unfair to require [Husband] to provide all of the support for the children during the time of separation, the Court must consider that [Wife] had no means of support during that time and was herself reliant on the support of [Husband]. Therefore, the Court finds that awarding retroactive child support from [Wife] would be inappropriate.
We find the trial court's judgment to be within its discretion and not any abuse of such discretion. Point denied.
Award of Maintenance
Husband next appeals the award of maintenance in the amount of $600.00 per month. Husband claims that Wife did not present substantial evidence to prove her needs and, additionally, that Wife's circumstances would change when the marital portion of the retirement funds became available to Wife. "A trial court has broad discretion in determining the amount and duration of a maintenance award in a dissolution case. Maintenance awards are reviewed only for abuse of discretion." Stroh , 454 S.W.3d at 358-59 (internal quotations and citation omitted). To establish an abuse of discretion the complaining party must show that the award was against the logic of the circumstances and was so arbitrary and unreasonable as to shock one's sense of justice. Id. at 365.
*519 Husband has again cited facts that might support a decision not to award maintenance to Wife. Husband failed to cite the facts that support the judgment and why, based on those facts, the trial court's decision represents an abuse of discretion. Again, we note that the trial court engaged in an extensive analysis of each of the statutory factors set forth in section 452.335 and stated why under those factors it believed maintenance should be awarded in the specific amount set forth. A review of those facts indicates the long-term marriage during which Wife was primarily a homemaker. Husband had substantial income from two separate sources, one of them a disability payment from the California Highway Patrol. The court imputed a minimum wage to Wife. The court analyzed each of Wife's claimed expenses. The court determined that given her age, work history, the award of the marital assets, and Wife's lack of income producing assets and lack of education, Wife's employment income would not meet her reasonable needs. Such careful consideration by the trial court was not an abuse of discretion.
Husband's second allegation is that when Wife's share of Husband's retirement income becomes available to her, Wife's circumstances will change so that it will not be equitable for Husband to provide maintenance. The trial court made the maintenance modifiable. Husband is asking this court to speculate as to how much and when Wife will receive her share of retirement funds. This we cannot do. Husband's second contention has no merit. The point is denied.
Award of Attorney Fees to Husband
Husband complains in his final point that the trial court erred in denying his request for attorney fees and in granting Wife attorney fees in the amount of $6,500. Again, Husband correctly notes that trial court has broad discretion in the award of attorney fees and its award is presumed to be correct. In re Marriage of Geske , 421 S.W.3d 490 (Mo. App. S.D. 2013). The trial court found:
After consideration of the request of both parties for award of attorney fees and costs resulting from the improper conduct of the other, the Court finds that neither party engaged in such egregious conduct outside the normal scope of litigation to award attorney fees and costs based on the improper conduct of the other, and the requests are denied.
Despite our standard of review and the correct statement of the law, Husband reargues his complaints about Wife's attorney's bill and Wife's discovery failures and excessive expenses. As the trial court noted in its judgment: "[t]he court must consider the above factors in light of the dissolution of a twenty-six year marriage with six children, and the financial resources available to [Husband] which are not currently available to [Wife.]" The trial court's award decision that finds Wife was not responsible for Husband's attorney fees, and that Husband was ordered to pay $6,500 in Wife's attorney fees, was not an abuse of discretion. Point denied.
The judgment of dissolution is affirmed.[4]

Husband does not argue that any of the other exceptions to the marital property presumption are relevant to this analysis.

Husband did not mention the Cadillac in his statement of facts.

All references to statutes are to RSMo 2016, and all references to rules are to Missouri Court Rules 2017, unless otherwise specified.

Wife has requested attorney fees for the reason that Husband failed to identify facts that support the judgment in his entire argument but rather only cites the facts that are favorable to Husband. Although Wife is correct in her assertion regarding Husband's brief, we do not find Husband's points to be "such egregious conduct outside the normal scope of litigation to award attorney fees" to Wife. The motion is denied.