

# Missouri Court of Appeals
## Southern District

### In Division

LEROY F. GILBERT, )
)
        Respondent, )
) No. SD37929
v. )
) **Filed: July 17, 2024**
ANDREA D. CHRISMER-STILL, )
)
        Appellant. )

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Heather L. Miller, Judge

## AFFIRMED

After nearly five years of marriage, Leroy Gilbert ("Respondent") filed a petition to dissolve his marriage to Andrea Chrismer-Still ("Appellant"). The parties owned marital property, including, as relevant here, a savings account with deposits totaling $55,488. At trial more than two years later, that account held deposits totaling $26,228. Appellant testified that she spent about $2,800 when she was required to vacate the marital home quickly, and she used the rest on unspecified living expenses. Unpersuaded by this testimony, the trial court valued the savings account at $55,488, awarded the savings account to Appellant, and ordered Appellant to pay Respondent $33,917 to equitably divide the marital estate.

Appellant raises two points on appeal, both related to the trial court's

determination that Appellant squandered funds from the marital savings account. Because the trial court did not misapply the law and substantial evidence supports the judgment, we affirm.

## Legal Principles

In a dissolution of marriage case, we apply the same standard of review as in any other court-tried case. *Pickens v. Pickens*, 687 S.W.3d 712, 715 (Mo.App. 2024); *see Lollar v. Lollar*, 609 S.W.3d 41, 45-46 (Mo. banc 2020). Rule 84.13(d) (2023) and *Murphy v. Carron*, 536 S.W.2d 30, 31-32 (Mo. banc 1976), require us to affirm the trial court's judgment "unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Pickens*, 687 S.W.3d at 715.

"In considering whether the trial court erroneously declared or misapplied the law, we defer to the trial court's factual determinations but otherwise review the trial court's legal conclusions and application of the law to the facts *de novo*." *McLeod v. McLeod*, 681 S.W.3d 215, 228-29 (Mo.App. 2023). An alleged misapplication of the law only constitutes reversible error if it materially affects the merits of the action, leaving us with a firm belief the judgment is wrong. *Id.* at 229. "[O]ur review is for prejudice, not mere error, and we will not reverse any judgment unless the error materially affects the merits of the action." *Pickens*, 687 S.W.3d at 715-16.

We view the evidence and reasonable inferences therefrom in the light most favorable to the judgment, disregarding contrary evidence and inferences. *Lollar*, 609 S.W.3d at 46. The trial court may believe any, all, or none of the evidence presented. *Lewis v. Lewis*, 671 S.W.3d 734, 740 (Mo.App. 2023). "This Court does not review credibility determinations or resolutions of conflicting evidence." *Lollar*, 609 S.W.3d at

46.

"The trial court has broad discretion in identifying, valuing, and dividing marital property." *Id.* (quoting *Landewee v. Landewee*, 515 S.W.3d 691, 694 (Mo. banc 2017)). "The parties bear the burden to present evidence of the value of marital property." *Lollar*, 609 S.W.3d at 46. "[The trial] court may rely on a party's estimate of an asset's value, but the court is not required to find the value in accordance with that estimate." *Id.* In dividing marital property, the trial court considers the conduct of the parties during the marriage, among other factors. Section 452.330 RSMo. (2016). We must not interfere in the division of marital property unless the division is so unduly favorable to one party that it constitutes an abuse of discretion. *Lollar*, 609 S.W.3d at 46.

The valuation of marital property should occur reasonably proximately to the effective date of the division. *Janet v. Janet*, 638 S.W.3d 570, 581 (Mo.App. 2021). "In most cases, the proper date for valuation of marital property is the date of trial." *Id.* "However, if a trial court believes that a valuation of a marital asset at the time of trial does not accurately reflect its value, it can use another valuation within the range of conflicting evidence offered at trial." *Id.*

Marital property used to pay marital debts or ordinary living expenses generally cannot be considered in the property division. *Reichard v. Reichard*, 637 S.W.3d 559, 578 (Mo.App. 2021). One exception to this rule occurs when "a party has intentionally secreted or squandered a marital asset in anticipation of the marriage being dissolved." *Id.* (citation omitted). In such circumstances, "the court may hold [the wrongdoer] liable for the amount of the asset by awarding it to him or her in its division of the marital property." *Id.* (citation omitted). A trial court has broad discretion in determining whether assets were squandered. *Id.* at 579.

3

## Burden to Account

Appellant first claims the trial court misapplied the law when it placed the burden on her to account for the diminished savings funds because Respondent presented no evidence of misconduct or misuse of funds sufficient to invoke an obligation for Appellant to account for the asset.

Since at least 2002, Missouri courts have applied the *Conrad*[1] framework when deciding whether and how to value and divide marital assets that a party claims were secreted or squandered.  First, the party attempting to have a marital asset distributed "must introduce evidence demonstrating that there existed at some point a marital asset, which is being secreted or was squandered."  ***Conrad***, 76 S.W.3d at 315.  While the burdens of proof and persuasion remain with the spouse claiming that the other spouse was secreting or had squandered the marital asset in question, the burden of production, or going forward with the evidence, then shifts to the other spouse to account for the allegedly secreted or squandered asset by presenting evidence as to its location or disposition. ***Lichtenfeld v. Lichtenfeld***, 405 S.W.3d 564, 567 (Mo.App. 2013).  The burden to account arises because the party claiming the asset was secreted or squandered usually is not in a position to know exactly what the other party did with the asset. ***Conrad***, 76 S.W.3d at 315.  After the accounting has been provided, the party alleging squandering will be in a position to respond. ***Id.*** at 315-16.  Then, the trial court can make credibility determinations, resolve conflicting evidence, and determine whether squandering occurred. ***Id.*** at 316.[2]

---

[1] ***Conrad v. Conrad***, 76 S.W.3d 305 (Mo.App. 2002).

[2] The majority of states shift the burden of proof to prove the asset was not squandered once the *prima facie* showing has been made.  Missouri's rule, which keeps the general burden to prove squandering on the party alleging it but places the burden to account for the asset on the alleged wrongdoer, is supported by the same

The trial court's findings and conclusions plainly show its correct application of the relevant law. Respondent raised the issue of squandering and showed a marital asset's diminution in value, not attributable to him, which occurred during or after the marital breakdown. Appellant then had an obligation to account for the asset's disposition. The trial court determined she failed to present credible, persuasive evidence to account for the diminution in value, so the trial court valued the savings account based on its higher value at the time the dissolution petition was filed and awarded that asset to Appellant.

Appellant sets forth the same standard and analytical framework in her brief to this court, but claims that Respondent did not adequately raise the issue and, thereby, create a burden to provide an accounting, because Respondent only showed a diminution in value without providing evidence that the money was secreted or misused. The trial court credited Respondent's evidence that a marital asset under Appellant's control existed at a certain value when the dissolution petition was filed but the value had diminished by the time of trial, which was sufficient both as evidence of a contested fact issue (value of the account) and to raise the burden for Appellant to account for the asset's diminution in value. The trial court found Appellant failed to meet this burden to account for the diminution in value. Again, we are not permitted to review credibility determinations or the resolution of conflicting evidence. *Lollar*, 609 S.W.3d at 46.

When the parties have contested the valuation of an asset by assigning conflicting values to it, the parties bear the burden to present evidence to support their valuation. *Id.* This burden comprises both the burden of production and the burden of persuasion. *In re Marriage of Witt*, 487 S.W.3d 519, 525. (Mo.App. 2016). Parties are not *required*

---

justification as the majority rule and "has worked out in practice much like the majority rule." 2 Brett R. Turner, *Equitable Distribution of Property* § 6.105 (4th ed., as updated through January 2024).

to present such evidence, of course, but the failure to do so deprives the court of the opportunity to consider evidence favorable to their valuation and proposed distribution.

The value assigned to the savings account was within the range of conflicting evidence offered at trial. Although an asset typically is valued at the time of trial, it was within the court's discretion to assign the value that asset had at a different time given the circumstances of this case. ***Janet***, 638 S.W.3d at 581. For that reason, even independent of any squandering analysis, we would not find the trial court abused its discretion in valuing and dividing the savings account as it did.

The *Conrad* squandering analysis differs from the general burden on both parties in a contested marital asset valuation. To Appellant's chagrin, the *prima facie* showing necessary to trigger an obligation to account for an asset is a relatively low burden to meet.[3] The resulting burden to account for the asset is justified because the alleged wrongdoer almost always will be in the better position to account for the asset's whereabouts or diminution in value. A higher *prima facie* burden, such as Appellant would require, could be exceedingly difficult or even impossible to satisfy in cases where the alleged wrongdoer refuses to account for the asset or their accounting is not credible. The wrongdoer could refuse to account or could provide an incredible accounting, then claim the record lacks evidence the asset was squandered, which brings us to Point Two.

### Evidence of Squandered Savings Account Funds

Appellant's second claim is that the trial court erred in finding the diminished savings funds were squandered because, even if the trial court did not believe Appellant's testimony, the evidence only showed the funds were no longer there, not that they had

---

[3] For strategic or practical reasons, the party alleging squandering may choose to show more than just diminution of value if that party has such evidence, especially since the party alleging squandering ultimately bears the burden to prove it. ***Conrad***, 76 S.W.3d at 315.

been squandered.

Our resolution of Point One dooms this point, which is a repackaging of the prior legal challenge in evidentiary terms. Once Respondent raised the issue, the burden was on Appellant to offer an accounting. The trial court was not persuaded by her general testimony that the funds were used for living expenses. Furthermore, the trial court specifically found her explanation that she had to relocate from the marital home quickly was not credible. The party with the burden to show what happened to the funds failed to provide a credible explanation. Although there was no direct evidence the funds were squandered, the evidence and Appellant's failure of proof supported that inference. Squandering may be inferred from circumstances surrounding loss or dissipation of the asset. *See, e.g.*, ***Heins v. Heins***, 783 S.W. 2d 481, 484-85 (Mo.App. 1990) (squandering of a marital home was inferred when husband refused to make mortgage payments despite having the means to do so, the resulting foreclosure effectively evicted wife from the property, and husband's parents purchased the property at the foreclosure sale).

Appellant cites several Missouri cases, some in which squandering was found, some in which it was not, and some in which an appellate court had to remand for development of the record. None compel a result in her favor on the facts as found by the trial court. "[W]hat our supreme court said long ago still holds true: 'Cases might be cited pro and con ad infinitum on this subject but, after all, each case depends upon its own particular facts and it is seldom that one decision really controls another.'" ***Bryan v. Peppers***, 323 S.W.3d 70, 73 (Mo.App. 2010) (quoting ***Price v. Seidler***, 408 S.W.2d 815, 820 (Mo. 1966)).

A further problem is that Appellant's challenge is fatally defective. We will not reverse any judgment unless a trial court's error materially affected the merits of the

action, which, in the case of valuation and division of marital property, means an appellant must show the property division is so unduly favorable to one party that it constitutes an abuse of discretion. *Lollar*, 609 S.W.3d at 46. Appellant challenges the evidence supporting valuation of only one asset, expressly disclaiming that she challenges the overall division of assets. "[I]t is not sufficient to simply claim error in the valuation or the distribution of a marital asset; [Appellant] must also claim that the distribution was inequitable when considering the total award of assets." *In re Marriage of Hanson*, 540 S.W.3d 512, 515 (Mo.App. 2018). Absent such a contention, the point may be considered abandoned and reversal is not required. *In re Marriage of Morgan*, 624 S.W.3d 407, 411-12 (Mo.App. 2021).

## Conclusion

The trial court did not apply the wrong legal standard to evaluate whether the savings account had been squandered in part. Appellant failed to provide a credible accounting for the diminution of those funds, which supports a reasonable inference that Appellant squandered those assets. Even if the trial court did err, which we do not find, Appellant has not challenged the overall division of assets as being inequitable. Points denied. Judgment affirmed.

JACK A.L. GOODMAN, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS